INTERSTATE RY. CO. et al. v. PHILADELPHIA, B. & T. ST. RY. CO. et al.

(Circuit Court, E. D. Pennsylvania. October 5, 1908.)

No. 165.

1. COURTS (§ 500*)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.

A suit by a mortgage creditor of a corporation in a state court, asking for the appointment of receivers, and in which temporary receivers were appointed, although the appointment was afterward vacated pending a hearing on the issues joined, is a suit in rem, which gives such court exclusive jurisdiction of the property until it is concluded, and a federal court will not, while it is pending, appoint receivers for the property in a suit against the same defendants, subsequently commenced therein, by a different complainant, who may intervene in the suit in the state court, although the bill therein does not expressly state that it is filed on behalf of all creditors.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1408; Dec. Dig. § 500.*]

2. COURTS (§ 500*)—FEDERAL AND STATE COURTS.

In such case the complainant in the state court has the right to appear in the federal court without leave for the special purpose of raising the question of the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 500.*]

In Equity. On petition to vacate the appointment of temporary receivers.

Layton M. Schoch, Wm. C. Ryan, and George Quintard Horwitz, for petition.

Wm. N. Trinkle, John C. Bell, and Richmond L. Jones, opposed.

HOLLAND, District Judge. This is a petition filed, praying the court to vacate the appointment of the temporary receivers. On September 5, 1908, Charles F. Wagner, Jr., filed a bill in equity in the court of common pleas of Bucks county against the same defendants mentioned in this suit, praying the court to appoint temporary receivers to take charge of the property, real and personal, of the Philadelphia, Bristol & Trenton Street Railway Company, because of a default in the payment of interest and for other reasons. The plaintiff in the Bucks county bill and petitioner here is the holder of 10 bonds, secured by a mortgage issued by the railway company, of which the Union Trust Company of Maryland is trustee; the total bond issue being $650,000. The court appointed temporary receivers, who, two days later, gave bond in the sum of $20,000. On September 10th the defendants in this case entered their appearance in the Bucks county suit, filed a petition for the vacation of the Bucks county receivership,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which was there argued, and on September 18th the president judge of Bucks county vacated the appointment of the receivers upon the ground that there was no pressing emergency shown for the appointment, and that the management of the property should not have been taken out of the control of the owners before a hearing and a full consideration of the merits of the bill. The opinion further states:

"The court does not wish to indicate what the final action will be. The merits of the case can be best determined upon an issue framed to the pleadings of the bill. The cost on the temporary receivership will abide the final disposition of the bill."

On the latter date, to wit, September 18th, a bill was filed in this court by the above plaintiffs, upon which temporary receivers were appointed, and on September 24th the plaintiff in the Bucks county bill presented a petition in this court to vacate the appointment of the temporary receivers here.

The answer to this petition sets up (1) that Charles F. Wagner, Jr., is a stranger to the proceedings; (2) that the plaintiffs in this case are citizens of another state, and have a constitutional right to be heard in the United States courts; (3) and that the Bucks county bill, filed in behalf of Charles F. Wagner, Jr., alone, is not a suit between the same parties, and that it is only in its incipient stage, having progressed no further than the filing of the bill, so that the Bucks county court never acquired jurisdiction of the parties to the bill as they appear in this suit.

The bill in Bucks county was filed 12 days before the filing of the bill in this suit. The county court has concurrent jurisdiction with the federal court to hear and determine the questions involved in this suit, and the parties have a right to be heard in a federal court only when a state court has not previously taken jurisdiction of the cause. Receivers were appointed by the state court, who took charge of the real and personal property of the defendant, although their appointment was subsequently revoked. This bill was filed against the same defendants that appeared in that suit, and the same property was involved. It is an action in rem, and, the Bucks county court having taken jurisdiction of the res, this court could not interfere. Property is deemed to be in the custody of a court from the time the suit or action seeking to have it placed there has been actually begun, either by levy or a writ in a proceeding in rem (Taylor v. Carryl, 61 U. S. 583, 5 L. Ed. 1028; Heidritter v. Elizabeth Oilcloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729), or by the filing of a bill praying the appointment of a receiver (Farmers' Loan & Trust Co. v. Lake St. Railway Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390).

This being a proceeding in rem naming the same defendants, the fact that the bill in the state court failed to state it was filed on behalf of all others interested can make no difference, when the bill shows it is filed for all parties interested, and when all parties may intervene in the suit in the state court who can show a right to do so. This court will not seize upon such an unsubstantial reason to take jurisdiction of a suit pending in a state court which was first instituted

there. It is necessary to exercise great care that no conflict of authority shall occur in cases of concurrent jurisdiction between the federal and state courts. When one has acquired jurisdiction over the property of a defendant, it will be its right to hear and determine all controversies relating thereto without interference on the part of the other, and for the time being its control in the matter ousts all other courts of co-ordinate jurisdiction from exercising a like power; nor will inquiry be made in the other court as to the jurisdiction of the court in which the suit is pending for any reason. That is a matter to be raised there by any interested party asserting it. The petitioner had a right to appear for the special purpose of raising the question of this court's jurisdiction, and was not required to petition for intervention, as he would thereby be held to appear generally, even though he disclaimed any intention to be made a party, and he could not object to the court's jurisdiction over him. 1 Foster's Practice, §§ 100, 201a; Bowdoin College v. Merritt (C. C.) 59 Fed. 6.

As it clearly appears the matter is still pending in the state court, this court will not interfere. The bill will not be dismissed at this time, but all proceedings will be stayed until the further order of the court.

The appointment of John A. Riggs and George Blakiston, temporary receivers, will be revoked; and it is so ordered.