HORACE W. POWER, ATELIA P. ROBINSON, WALLACE A. ROBINSON AND HORACE P. ROBINSON, *Relators*, v. ERNEST AMOS, AS COMPTROLLER OF THE STATE OF FLORIDA, *Respondent*.

Division B.

Opinion Filed August 1, 1927.

412

*A. Melrose Lamar,* Attorneys for Relators;

*Wideman & Wideman,* Attorneys for Respondent.

BUFORD, J.—In this case the relators instituted mandamus proceedings in this Court against the Comptroller of the State of Florida to require the Comptroller, through his agent, a receiver appointed by him, to-wit: First American Bank & Trust Company, as receiver of Farmers Bank and Trust Company under the authority of Section 4162, Revised General Statutes of Florida, to exercise the functions of trustee in lieu of Farmers Bank and Trust Company concerning certain assets in which relators are alleged to be interested and which assets were in the possession, custody and control of the Farmers Bank and Trust Company, as trustee, with authority to administer the trust estate according to the terms of a written instrument of trust executed by one Hiram F. Hammon to Farmers Bank and Trust Company, and which assets and trust estate are alleged to have been taken into the custody, possession and control of the Comptroller by and through his agent, the receiver appointed by him under authority of Section 4162, Revised General Statutes of Florida.

It is alleged in the petition for mandamus that although the Comptroller, through his agent, First American Bank & Trust Company, receiver appointed by him, has taken possession of and now has possession, custody and control of the assets of the trust estate so formerly held by Farmer Bank and Trust Company, that the Comptroller and his said receiver have failed and refused and do fail and refuse to administer the trust estate according to the terms of the trust made and executed to Farmers Bank and Trust Company.

The return of the Comptroller admits all these facts to be true.

The question presented to this Court for determination is whether, under the broad general powers vested in the Comptroller and a receiver appointed by him under the

provisions of Section 4162, Revised General Statutes of Florida, title to and jurisdiction over trust estates of which the closed bank was trustee prior to the appointment of a receiver, is vested in the receiver with power and authority to administer such estates under the direction of the Comptroller unless and until a substitute trustee shall have been appointed by a Court of Chancery having jurisdiction of the matter. This question must be answered by the construction to be placed upon the provision of Section 4162, Revised General Statutes of Florida, which is as follows:

"Comptroller may appoint receiver; duties of receiver; notice to bank officers; confirming appointment.—

"On becoming satisfied, from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any bank, banker, banking firm, banking or trust company or corporation doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm, banking or trust company or corporation doing business in this State, under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, or if the directors of any bank, banking or trust company or corporation or any banker or the management of any banking firm doing business in this State under the State laws, shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate any of the provisions of law relative to such bank, bankers, banking firm, banking or trust companies or corporations doing business in this State, the rights, privileges and franchises shall be subject to be forfeited, and the State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and

affairs of such bank, and require of him such bond and security as the Comptroller deems proper, not exceeding double the amount that may come into his hands, and such receiver shall be subject to dismissal by the Comptroller, whenever in his judgment such dismissal is deemed necessary or advisable; when one receiver is dismissed, another may be duly designated and appointed. Such receiver, under the direction and supervision of the Comptroller, shall take possession of the books, records and assets of every description of such bank, banker, banking firm, banking and trust company or corporation and in his name shall sue for and collect all debts, dues and claims belonging to it, and upon the order of the court of competent jurisdiction may sell or compound all bad or doubtful debts, and, on a like order may sell all the real and personal property of such bank, banker, banking firm, banking and trust company or corporation, on such terms as the court shall direct; and may, if necessary to pay the debts of such bank, bankers, banking firm, banking and trust company or corporation, sue for and enforce the individual liability of the stockholders. Such receiver shall pay all money received by him to the State Treasurer to be held as a special deposit for the use and benefits of the creditors, subject to the order of the Comptroller, and shall also make report from time to time, when called upon, to the Comptroller, of all of his acts and proceedings. The Comptroller, immediately upon appointing such receiver, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank, banker, banking firm, banking or trust company, or corporation, informing him or them in such notice of his action in appointing such receiver, and notifying him or them or it that he would apply on a date therein named, not to ex-

ceed ten days from the date of service of such notice, to some circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a receiver for such banking institution; and such bank, banking firm, or banking or trust company or corporation, may, at such hearing, contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such receiver.''

In construing this section in this connection we hold, first, that when a bank, banker, banking firm, banking or trust company or corporation has reached that status where a receiver shall have been appointed by the Comptroller, such act creates a suspension of the rights, privileges and franchises theretofore exercised as a bank or banking or trust company and the appointment of the receiver operates as a suspension of the right to exercise the franchise of such bank, banking or trust company and such right ceases to exist unless and until it shall have been revived and reinstated under the direction of the Comptroller or in pursuance to judgment or decree of a court of competent jurisdiction.

We further hold that the words ''The State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank'' imply and mean that the receiver in his representative capacity takes title to the assets and affairs of the institution and the Comptroller has complete discretionary power over them, subject to the other provisions of the Act, and that the ''affairs'' of the bank include all business interests of the bank, including trust estates of every character lawfully held by the bank for which receiver is appooned and the receiver is charged with handling such trust matters in the same manner in which the original trustee was charged with handling such matters until such time as a substitute

trustee may be duly appointed by a court of chancery having jurisdiction of the matter. The intervention of a court of chancery may be at any time invoked by the Comptroller or by any party interested in any particular trust involved.

The provision that "Such receiver shall pay all money received by him to the State Treasurer to be held as a special deposit for the use and benefit of the creditors subject to the order of the Comptroller," will not be held to apply to monies received by the receiver as acting trustee, because this provision of the statute clearly applies to funds in which creditors of the defunct banking institution have an interest and such creditors can have no interest in funds accruing from trust estates held by the defunct bank in its trust capacity. The statute, Section 4186, Revised General Statutes of Florida, provides:

"No money, property or securities received or held by any trust company in its capacity of assignee, receiver, executor, administrator, guardian or trustee shall be mingled with the investments of the capital stock or other moneys or property belonging to or deposited with such corporation, or shall be liable for the debts or obligations of such corporation."

The Comptroller upon taking over a bank or trust company which shall have reached the position where the appointment of a receiver appears to the Comptroller to be necessary must necessarily take into his possession, custody and control the trust property, if any, which may be then held by such institution. This is the clear mandate of the statute. But, the terms of the statute are not sufficiently narrow or explicit to limit the authority of the receiver to that of merely taking in his custody and possession trust assets. The statute is broad enough to bear the construction placed upon it by this Court in the

opinion prepared by Mr. Justice TERRELL in Power et al. v. Chillingworth, 93 Fla. 1030, 113 Sou. 280, in which it is said:

"Section 4162, Revised General Statutes of Florida 1920, authorizes the Comptroller to take charge of any bank, banker, banking firm, banking or trust company or corporation doing business under the laws of this State which is shown to be insolvent and is in default or is in an unsound or threatened condition because of illegal or unsafe investments, and upon confirmation of the circuit judge having jurisdiction over the same, he may appoint a receiver to take charge of the assets and affairs of said bank, and under the direction of the Comptroller fully administer the same. The administration of the estate which relators seek to have a receiver or trustee appointed for was part of the assets or affairs of the Farmers Bank & Trust Company when it was taken in charge by the Comptroller, which under the law the Comptroller through his receiver is fully authorized to execute."

We are, therefore, of the opinion that it is the duty of the Comptroller, through his receiver or agent, to execute the trust according to the terms under which the trust was created and the peremptory writ will issue.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.