P. TOMASELLO, JR., as Receiver of the COCOA BANK & TRUST COMPANY OF COCOA, FLORIDA, *Appellant*, v. W. Y. MURPHY and EZEKIEL PINNER, *Appellees.*

Division B.

Opinion filed July 3, 1930.

*John D. Shepard,* for Appellant;

*Radebaugh & Akerman,* for Appellees.

BUFORD, J.—The bill of complaint in this case alleges that Murphy, by and through his agent, Woods, entered into a certain contract with Pinner for the purchase and sale of a certain parcel of real estate owned by Pinner. It is alleged that the title to this real estate was clouded and, therefore, the parties agreed to place the contract for the purchase and sale, together with a warranty deed to the property from Pinner to Murphy and check from Murphy to Pinner in the amount of One Thousand ($1,000.00) Dollars, the purchase price of the property, in escrow with the Cocoa Bank & Trust Company, located in Cocoa, Florida, as an escrow holder. The condition of the escrow was that in case the title to the property was not cleared within a reasonable time the papers placed in escrow would be returned to the respective parties, but in case the title was cleared then the bank was to deliver the deed to Murphy and the check to Pinner. The bank accepted the escrow and, it appears, converted the check into cash. The bank became insolvent and, thereupon, Peter Tomasello, Jr., was appointed receiver by the Comptroller under the laws of Florida. Before the insolvency of the bank occurred the bank without authority from Murphy, one of the parties to the escrow agreement, placed the One Thousand ($1,000) Dollars in a special account where the same may be identified. Pinner failed to clear title to the land. Murphy demanded the return of his check for $1,000.00. The bank, having cashed the check, the receiver could not return the check and Murphy demanded the return of the money, $1,000.00, in lieu of the check. Murphy's contention is that the $1,000.00 constituted a special trust fund and constituted a preferred claim for the full amount thereof. The receiver declined to pay over the money to Murphy. Thereupon, Murphy brought suit against the receiver and Pinner by bill in equity, praying, amongst other things:

"That the court will find and decree that the complainant is entitled to the return of the said One Thousand ($1,000.00) Dollars and to be paid the proceeds of said check as a prior claim to be paid by the receiver out of the assets of said bank prior to the payment of any claims of general creditors of said bank by the said receiver.

"That the court will find and decree, by reason of the facts set out in the bill of complaint and proved pursuant to the taking of evidence in this cause, that the complainant is entitled to a declaration of trust with reference to the said amount collected by the Cocoa Bank and Trust Company on the check deposited by the complainant in escrow, and will declare such trust and will decree that the complainant shall be paid the proceeds of the said check in full, prior to the payment of the claims of any general creditors of said trust of which the receiver is in charge.

"That the court will find and decree that the acceptance of said check under the terms and agreements between Ezekiel Pinner and the complainant and the unauthorized endorsement by Ezekiel Pinner and unauthorized and fraudulent cashing of said check by the officers of said bank constituted a fraud which entitled the complainant to rescind his agreement and deposit and receive the proceeds thereof as a trust fund created by the fraud of said bank in accepting the said check under the escrow agreement without intending to comply with said escrow agreement, and to be paid the proceeds of said trust fund as a prior claim, prior to the claims of the general creditors upon the trust in the hands of the said receiver for administration and distribution."

It is unnecessary to quote other prayers of the bill.

Pinner filed an answer, which for all intents and purposes admitted the allegations of the bill of complaint. The receiver filed a general and special demurrer. Both demurrers were overruled. Thereupon, the receiver filed his answer. Motion was then made for the appointment of a special master and an order limiting the time within which testimony might be taken. The order was made appointing the master and limiting the time to 15 days, for the taking of testimony. From the order overruling the special demurrer and the order overruling the general demurrer and the orders appointing the special master and limiting the time within which to take testimony, the receiver appealed. The receiver was appointed and was acting under the provisions of Section 4162, Rev. Gen. Stats., 6102, Comp. Gen. Laws *et seq.* Some of the sections of the law were amended by Chapter 13576, Acts of 1929. The amendments, however, do not affect the status of the parties here.

In Power v. Amos, 94 Fla. 411, 114 So. R. 364, this Court, in construing the statute applicable here, held:

"The words 'The State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank' imply and mean that the receiver in his representative capacity takes title to the assets and affairs of the institution and the Comptroller has complete discretionary power over them, subject to the other provisions of the Act, and the 'affairs' of the bank include all business interests of the bank, including trust estates of every character lawfully held by the bank for which receiver is appointed and the receiver if charged with handling such trust matters in the same manner in which the original trustees was charged with handling such matters until such time as a substitute trustee may be duly

appointed by a court of chancery having jurisdiction of the matter.

"The provision that 'such receiver shall pay all money received by him to the State Treasurer to be held as a special deposit for the use and benefit of the creditors subject to the order of the Comptroller' will not be held to apply to monies received by the receiver as acting trustee, because this provision of the statute clearly applies to funds in which creditors of the defunct banking institution have an interest and such creditors can have no interest in funds accruing from trust estates held by the defunct bank in its trust capacity."

In Ullendorff v. Graham et al., 80 Fla. 845, 87 So. R. 50, this Court held:

"An escrow holder is in effect a trustee of both parties charged with the performance of an express trust governed by the escrow agreement, which agreement is not required to be in writing, there being a deposit of the escrow paper."

This, in effect, has been held in the cases of Chase v. Johnson, 123 So. R. 519, and in Amos v. Baird, et al., 96 Fla. 181, 117, So. R. 789.

It must be borne in mind that the allegations contained in the bill of complaint show that the bank did not in anywise become a debtor to either of the parties, but became a trustee for both of the parties. In Glidden, Administrator, v. Gutelius, et al., 96 Fla. 849, 119 So. R. 140, the Court say:

"General depositors in making a deposit in a banking institution part with the title to the deposit and become common creditors of the bank to that amount,

while the *cestui que* trust does not part with his title nor become a creditor of the bank. The bank in the latter case receives the property of the *cestui que* trust in a fiduciary capacity only and is bound to hold it sacred and to keep it separate from the general funds of the institution."

The statute specifically provides that the receiver may in his own name sue for and collect all debts, dues and claims belonging to the institution and it may well be construed that by implication the statute authorizes suits to be brought against the receiver in his own name, but we are not required to look to that construction for authority for the instant suit.

In this case the receiver in effect became the substitute trustee (Power v. Amos, *supra*), and when the trust funds came into his hands he was chargeable with the execution of the trust in the same manner in which the original trustee was charged with the execution of that trust, and failing to so execute the trust, the same legal procedure may be resorted to, to compel the execution by him, that could have been resorted to to compel the execution thereof by the original trustee.

The Comptroller is not a necessary party to the suit.

The bill alleges a state of facts which, if true, amply warrant equitable relief.

The orders appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.