ERNEST AMOS, as Comptroller of the State of Florida, *Petitioner*, v. GEORGE M. POWELL, *Respondent*.

146 So. 195.

En Banc.

Opinion filed January 25, 1933.

*Doggett, McCollum, Howell & Doggett,* for Petitioner.

*George M. Powell,* for Respondent.

DAVIS, C. J.—George M. Powell, an attorney at law, brought suit in equity alleging in his bill that he was entitled to enforce a lien for attorney's fees on a certain specific asset of a defunct bank, Farmers Bank & Trust Company, namely, a $10,500.00 warrant of Lake Ashby Drainage District, that had been placed in the attorney's hands for collection, at a time when the bank was a going banking institution.

The Chancellor decreed in favor of a lien upon the warrant for the attorney's fees sued for, and ordered the liqui-

dator of the defunct bank to pay off the amount decreed to be due, out of any funds in his hands as liquidator, upon which happening the complainant attorney was required to deliver up the warrant which he held and upon which the lien was decreed.

The case is now before this Court on a writ of certiorari which was granted on petition of the State Comptroller, who was not made a party defendant on the record of the equity suit, but who alleges he was adversely affected by the decree.

Our conclusion is that the writ of certiorari must be quashed, because the decree against the liquidator of a defunct State bank is under the law legally binding upon the Comptroller, whose legal representative the liquidator is, with respect to all litigation brought against the liquidator as the Comptroller's representative.

Liquidators of State banks are under the laws of this State representatives of the State Comptroller. Florida Bank & Trust Co. v. Yaffey, 102 Fla. 723, 136 So. Rep. 399. Decrees and judgments may therefore be rendered against such liquidators in suits brought against them in their representative capacity as such, although the Comptroller is not directly made a party to such suits. With regard to the function of liquidators, the Comptroller has complete discretionary power over them at all times, even though the liquidators themselves in their representative capacity take title to the assets and affairs of the defunct institution over which they are appointed. Tomassello v. Murphy, 100 Fla. 132, 129 So. Rep. 328.

The Comptroller is therefore not a necessary, but simply a proper, party to suits involving the "affairs" of a defunct bank turned over to the management of a liquidator. The decisions reported in recent cases before this Court will sub-

stantiate the view that by common acceptation in all such reported cases, this ruling principle has been followed without challenge, a persuasive, if not controlling circumstance, justifying the conclusion just expressed, now that the point is before us for decision.

Inasmuch as the Comptroller is bound by judgments and decrees rendered against his duly appointed, qualified and acting liquidator with respect to the assets and affairs of the defunct Farmers Bank & Trust Company turned over to the liquidator defendant in the case now before the Court, it follows that the Comptroller's remedy to obtain relief against judgments and decrees conceived to have been erroneously entered against the liquidator, is to instruct his liquidator to appeal from the decree or judgment rendered.

It must be presumed that the Comptroller requires his liquidators to keep him advised of the progress and result of all suits instituted against his liquidators. It is consequently the Comptroller's duty to seek relief from erroneous judgments or decrees rendered against his liquidators, in cases where the Comptroller himself has been omitted as a party defendant, by instructing his liquidators to appeal. The fact that the Comptroller has failed to follow the proper course of procedure by appeal does not permit him to invoke certiorari as a substituted mode of relief.

It has been declared as the law of this State that if the petitioner in certiorari proceedings has an adequate remedy by appeal on writ of error, that certiorari will not lie where no advantage was taken of the right to the ordinary remedy. Coslick v. Finney, 104 Fla. 394, 140 So. Rep. 216.

The adjudication made by the chancery decree in the Circuit Court was binding on the Comptroller at least to the extent that the decree adjudicated the property of the claim, that it constituted a specific lien on a specific asset,

and that the asset in question could not be redeemed except on payment of the amount decreed to be due. Whether or not the decree is enforceable, or intended to be enforced, as a means of compelling the Comptroller to redeem a specific asset out of the general funds of the defunct bank, cannot be decided in this case.

It is the duty of the Comptroller, or his representative, the liquidator, if not satisfied of the correctness of a claim when presented, to disallow it, and, if an attempt is made to obtain its adjudication, to make such defense as in defendant's judgment is proper. When a claim is adjudicated in favor of a creditor, or other claimant, it is conclusively established as a claim against the bank, and must be treated accordingly by the Comptroller, when the adjudication made is in a suit by which the Comptroller is legally bound. White v. Knox, 111 U. S. 784, 4 Sup. Ct. Rep. 686, 28 L. Ed. 603.

It must be presumed that the Comptroller will follow the applicable rules of law in the case at bar and that he will pay the claim adjudicated and redeem the asset upon which a lien has been declared.

If the Comptroller does not elect to redeem by using the general funds of the defunct bank that the decree authorizes him to use for that purpose, appropriate proceedings are available to the Comptroller or to the lienor complainant, to meet that situation if, and when, it shall arise. But the remedy is not *certiorari* to quash the decree by which the claim itself was appropriately adjudicated and held valid. The situation here is not within the rule followed in Deans v. Wilcoxon, 18 Fla. 531 (547), and in State ex rel. Landis v. Crawford, 104 Fla. 440, 140 So. Rep. 333 (335).

Writ of certiorari quashed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.