LEE, Comptroller of Florida, et al. v. EDMUNDS et al.

HOWELL v. SAME.

No. 6909.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1933.

Rehearing Denied July 19, 1933.

Chester Gourley, Richard H. Hunt, and Edward E. Fleming, all of Miami, Fla., for appellants.

Bart A. Riley, Henry K. Gibson, S. P. Robineau, and B. R. Cisco, all of Miami, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

These are two separate appeals arising upon the same record, one by H. R. Howell, a receiver appointed by a Florida state court, from an order refusing to require federal receivers to deliver to him the Patricia Hotel, a mortgage on which was in course of foreclosure in the state court; and the other by J. M. Lee, as comptroller of the state of Florida, and his appointee M. A. Smith, as liquidator of Trust Company of Florida, from an order refusing to require federal receivers to turn over to them certain other properties claimed to be assets of the Trust Company of Florida. These properties had each been under separate trust mortgages on which separate series of bonds had issued and which on default had been foreclosed, and the properties bought in and title taken by Trust Company of Florida for the benefit of the several groups of bondholders, to each of whom it had issued a "beneficial certificate" showing his interest in the property against which he had held a bond. The Trust Company of Florida failed, and its affairs passed into the hands of the state comptroller to be liquidated, and he was held entitled to possess and administer these properties as assets of the Trust Company to the exclusion of receivers appointed by the federal courts. Amos, Comptroller, v. Trust Co. of Fla. (C. C. A.) 54 F.(2d) 286. Thereafter on October 12, 1932, J. H. Therrell, a liquidator appointed by the comptroller, filed in the state court six bills, in each of which he sought to be relieved of several of these trusts on the general ground that they were burdensome

to the liquidation of the Trust Company of Florida, but set up that each trust was indebted to the Trust Company for services and advances, and prayed the appointment of a successor trustee to take over the title and management of the several properties and to make an account with Trust Company of Florida. These bills were removed to the federal court and consolidated, and, after amendment so praying, receivers were appointed for the properties involved with powers of successor trustees.

The proceedings with reference to Howell, receiver, were these: On August 2, 1932, a bill to foreclose a mortgage on the Patricia Hotel was filed in the state court by State Life Insurance Company against Therrell, as liquidator of Trust Company of Florida, who was in possession of the hotel, and against Marion Mortgage Company which made the mortgage, and a receiver was prayed to conserve the rents and profits which were additional security under the mortgage. Howell was appointed receiver October 11, 1932. An appeal was at once taken by Therrell, on which the Supreme Court held that the mortgagee might be entitled to a receivership to conserve the rents and the court had jurisdiction to appoint one notwithstanding the Trust Company of Florida, which held the property subject to the mortgage, was in a liquidator's hands; but suggested that the liquidator might be appointed such receiver, or an order might be made requiring him to segregate the rents which would render a receiver unnecessary; and that the liquidator should not lightly be displaced by a receiver. With the law thus announced, the appointment was set aside, but with leave to the trial court to reconsider it in the light of the opinion and reappoint a receiver if it saw fit. Therrell v. State Life Ins. Co. (Fla.) 145 So. 220. Howell was thereupon reappointed receiver on January 27, 1933. In the meantime the federal receivers were appointed on December 17, 1932. By an amendment the receivership was extended to include the Patricia Hotel on December 23, 1932, two days after the rendition of the opinion last above cited. The federal receivers applied to the state court for permission to intervene and to defend the mortgage foreclosure, but were denied, and instead were ordered to turn over the hotel to Howell, receiver. The ground taken by the state court was that Therrell as liquidator had no authority to resign the trusts en masse, and that the appointments at his instance of a successor trustee by the state court and of the receivers by the federal court were void, and that Therrell and not the receivers was the proper party to defend the mortgage foreclosure. The federal receivers sought advice of their court and were ordered not to deliver the property to the state court. Howell, receiver, then made orderly application to the federal court to require its receivers to turn over to him the Patricia Hotel. The refusal then made is under review. It was based on the grounds that the state receiver was not intervening, but was attacking the jurisdiction to appoint the federal receivers, and that the state court was refusing to allow the federal receivers to defend the mortgage foreclosure. We think that the state court receiver was not bound to intervene and become a party, but might, as he did, petition summarily for possession of the property. Shields v. Coleman, 157 U. S. 168, 15 S. Ct. 570, 39 L. Ed. 660; Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Interstate Ry. Co. v. Philadelphia Ry. Co. (C. C.) 164 F. 770. The validity of the federal receivership is the point of difference between the two courts, but we do not think it is the question on which this petition ought to be decided. If it be assumed that the federal receivership is valid, still under well-established principles of comity it ought to yield possession because granted on proceedings junior to those in the state court for receivership of the Patricia Hotel. The bills which were removed to the federal court were filed over two months later than the mortgage foreclosure and did not until December 17 seek a receiver; and the Patricia Hotel was never brought within their scope until December 23, 1932. The mortgage foreclosure filed August 2 was duly served, and the state court had undoubted jurisdiction over the property involved, both to sell it and to grant a receivership for it. Its first appointment of a receiver was set aside but with leave to reconsider it, which left the matter as though no action had been taken on that prayer of the petition. The reappointment was promptly made. No question of the superior federal jurisdiction in bankruptcy is involved. Both the state and the federal court are exercising ordinary chancery jurisdiction to finally administer the same property. Priority in the assumption of jurisdiction by entertaining proceedings which will require possession of the res and not priority in the appointment of a receiver or in securing possession of the property determines precedence. Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435; Farmers' Loan & Trust Co.

v. Lake Street R. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667. The prior right is with the state court. If that court in the exercise of its jurisdiction improperly refuses to allow a defense to the foreclosure, the remedy is orderly appeal from its decision. The Patricia Hotel ought to be surrendered by the federal receivers, and we so direct.

■ The demand by the comptroller and his liquidator for repossession of the other properties requires a consideration of their rights and duties. The evident purpose of the Florida statute, Comp. Gen. Stats. of 1927, § 6102 and following, as amended in 1929 (chapter 13576), is to withdraw the liquidation of banks and trust companies from the expense and complication of court receiverships and to vest it in the comptroller and his liquidator. Therrell v. Rinaman, (Fla.) 144 So. 327. The liquidator, though confirmed by a court, is not a court officer, but the representative of the comptroller, who has complete authority over him. Florida Bank & Trust Co. v. Yaffey, 102 Fla. 723, 136 So. 399; Amos v. Powell (Fla.) 146 So. 195. But the title to the assets which the corporation owns or holds in trust devolves on the liquidator, who may execute the trusts which the defunct trust company was bound to execute. Tomasello v. Murphy, 100 Fla. 132, 129 So. 328; Power v. Amos, 94 Fla. 411, 114 So. 364. The liquidator accordingly may sue and be sued, the comptroller being in equity cases a proper but not a necessary party; and the litigations of the liquidator bind the comptroller, whose control thereof must be asserted through the liquidator, removing and substituting him if he will not obey. Amos v. Powell (Fla.) 146 So. 195. The decisions of this court have agreed with those of the Supreme Court of Florida that only in a clear case of mismanagement will a court of equity take the assets from the statutory administration. Amos v. Trust Co. of Fla. (C. C. A.) 54 F.(2d) 286; Bank of Bay Biscayne v. Hankins (C. C. A.) 42 F.(2d) 209. Yet a court of equity in case of necessity may appoint a receiver for special property in the liquidator's hands, but only on a showing of fraud, corruption, or maladministration or other illegal action of the liquidator. Therrell, Liquidator, v. State Life Ins. Co. (Fla.) 145 So. 220. The former comptroller, Amos, whose term of office was to expire January 1, 1933, had vigorously defended his right to possess and administer the trust properties of the Trust Company of Florida, Amos v. Trust Co. of Fla. (C. C. A.) 54 F.(2d) 286; Therrell, Liquidator, v.

State Life Ins. Co. (Fla.) 145 So. 220; but Therrell, under direction of Amos, as he states in an ex parte affidavit, on October 12, 1932, undertook a voluntary surrender of fifty-six of these trusts. We have no doubt that, where a liquidator finds himself invested with a trust not ripe for winding up, such as the trusteeship for a bond mortgage not in default, he may by appropriate proceedings under the trust instrument or in court have a successor appointed for that trust and be relieved of it, because the liquidator's duty is primarily to liquidate and not to carry on the trust business. This is recognized in Power v. Amos, 94 Fla. 411, 114 So. 364. But the trusts sought to be resigned by Therrell were properties the bond mortgages on which had been foreclosed and the title placed in the Trust Company with certificates of beneficial interest issued by it to the respective bondholders, and with indebtedness due on each to the Trust Company. They were ripe for a final liquidation, and it was the duty of the liquidator to complete it. Therrell in his petitions alleged no reason for not doing so save that it was burdensome and he desired to be relieved, and he stated no facts showing why. The obligations assumed by the Trust Company in the several conveyances to it or in the beneficial certificates which it had issued or the particulars of the indebtedness claimed against each trust were not set out, and in the one petition put into this record as a sample fourteen trusts are bundled up together, having no apparent connection with one another. Each has its separate property, its separate certificate holders, its separate income and indebtedness, and a muddled multifariousness is apparent. When six such bills were consolidated in the federal court with no allegations of any common questions to be settled the multifariousness was aggravated. Therrell in the last days of the year, by frequent amendments which merely applied the broad, factless allegations of the previous petitions to other trusts, added more of them to his abdication until they numbered sixty-nine. He then asked for a court receiver for all instead of a mere successor trustee for each, but again with no specific facts to justify it. These amendments were acted on the very day each was presented, and apparently without service on or notice to any one. At last on December 28 all the sixty-nine trusts were gathered up into a sweeping confirmatory receivership decree.

■ Lee entered office as comptroller on January 3, thought this an unlawful abdica-

tion of the liquidator's function, accepted the resignation of Therrell, appointed Smith in his place, and joined Smith in an effort to recall it. They did not, however, make themselves parties in Therrell's stead under 28 US CA § 780, and appeal from the orders made or move for their dissolution, but elected to attack them from the outside, treating them as void for want of jurisdiction and because contrary to the liquidation statute. The liquidator has no authority to do anything except what that statute authorizes expressly or by implication. Therrell v. Rinaman (Fla.) 144 So. 327. We greatly doubt his right thus to abdicate by wholesale his duty to liquidate the trusts in his hands merely because he finds them burdensome. Compare Jackson v. McIntosh (C. C. A.) 12 F.(2d) 676. The comptroller might well seek to stop the abdication, but we think it ought regularly to be done by withdrawing the application if not finally acted on, and, if it has been, by a direct motion to vacate or other form of review. Multifariousness does not destroy jurisdiction in equity, nor does improvidence in consolidation of cases nor precipitate action without notice to persons entitled to notice when they make no objection. However improper the receivership under the circumstances detailed may appear, we cannot say that it is void and subject to collateral attack for want of jurisdiction in equity. Since the new liquidator, Smith, though he did not ask it, has been made a party in lieu of Therrell, it may be that his petition ought now to be taken as a withdrawal of his predecessor's request for the receivership and as a direct motion for a dissolution of it. Made within a short time after the improvident appointment and before any important action under it was had, it would deserve careful attention. But we think the case must be disposed of on a more vital ground, for it is not one rightly within federal jurisdiction. In each of the six bills which Therrell filed in the state court to have successor trustees appointed and to obtain an account with each trust he necessarily made parties the certificate holders of each to be heard in the selection of their new trustee and in the account with their old one. It was recognized that these were so numerous as to require class representation, and that they were in fact represented by one or the other of two committees, whose members were named and served as the only defendants. One called the Arthur Committee was composed of four persons citizens of Florida; the other called the Edmunds Committee of four citizens of other states. Each committee were the assignees of those who had deposited their bonds and certificates with them and the members of one were as proper defendants as those of the other. The Edmunds Committee in their effort to remove the bills to the federal court claimed a separable controversy with themselves, but there was none such. The certificate holders represented by either committee had exactly the same interest in the selection of the new trustees and in the account to be taken, and both committees were equally recognized as representative parties in every order and process that the state court issued. It was further contended by the Edmunds Committee that the Arthur Committee were not substantial parties because the agreement under which their certificate holders had deposited and assigned their certificates had been nullified by the decision of the Florida Supreme Court in State of Florida v. Circuit Court, 143 So. 351. In that case the circuit court judge was prohibited from performing certain functions as judge which the agreement with the Arthur Committee had put upon him, but this was only a decision that his judicial authority did not extend to such matters. There was no judgment that, as between the committee and its depositors, the agreement was unlawful or void, nor could there have been such a judgment, since they were not parties to the case. No doubt the participation of the judge, though slight, gave attractiveness and assurance to the agreement and led many to enter it; but it is for them to withdraw from it or not as they see fit. The judge was no party, but was only to be called on to approve or settle certain matters in certain contingencies. The agreement vests title to the certificates in the committee and the powers it gives them can operate without the assistance of the judge, either as officer or arbitrator. It appears that no depositor has sought to withdraw, and that the committee has continued to represent them as before. We do not think the Arthur Committee unsubstantial parties or fraudulently joined, so that their presence can be disregarded. Since they, like Therrell, were citizens of Florida, the suits were not wholly between citizens of different states, and there was not federal jurisdiction over them. For this reason the comptroller can claim from the federal court restoration of the properties. Whether the successor trustee appointed in the state court after the proceedings for removal had been filed can in turn take possession from the liquidator is for the state court to decide. We

direct that the federal receivers deliver possession to the liquidator from whose predecessor they received it. Since neither the order appointing receivers nor the judgment on removal is directly under review, we go no further at this time.

Reversed, with direction.