HOSKINS et ux. v. COMMISSIONER OF INTERNAL REVENUE.

No. 7934.

Circuit Court of Appeals, Fifth Circuit.

July 3, 1936.

William R. Watkins, of Fort Worth, Tex., for petitioners.

John MacC. Hudson and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and Carroll Walker, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Petitioners, husband and wife, residents of Texas, made returns of community income for the year 1932, listing the salary of the wife as superintendent of cafeterias for the Fort Worth public schools as exempt. The Commissioner denied the exemption and determined a deficiency of $105. On petition to the Board of Tax Appeals the decision of the Commissioner was affirmed. 32 B.T.A. 682. This appeal followed.

The facts are not in dispute. The Fort Worth Independent School District is a political subdivision of Texas, created by act of the Legislature. By the act creating it (Special Laws 39th Leg., 1925, c. 230, p. 674), in addition to the usual authority to establish and control public free schools within the district, it is given the right to enforce rules and regulations that might be necessary to properly safeguard the health of the pupils and teachers. The board provided for the operation of the 48 cafeterias in the schools, appointed Mrs. Hoskins as director of these cafeterias, and fixed her salary at $3,400 per annum. The cafeteria system has about 138 other employees. Food is sold at cost, including overhead expenses, to only the pupils and teachers. The public is not permitted to patronize the cafeterias. The receipts for 1932 were approximately $200,000. This fund is kept separate, and Mrs. Hoskins' compensation and that of the other employees is paid out of it. Under the rules of the board, the children are given a recess of 30 minutes for lunch. A pupil may bring his lunch or may get it at the school cafeteria, or, if he lives within a sufficiently short distance from the school, may go home for it, but he may not go off the school grounds at recess to buy it. A balanced diet is served in the cafeteria. Mrs. Hoskins devotes an average of about 12 hours daily to the performance of her duties and, apparently, is not engaged in any other remunerative activity. There is undisputed evidence in the record which tends to show there has been great development of the cafeteria system in the public schools of the United States; that the cafeteria system in the Fort Worth public schools is one of the best; and that the cafeteria system is considered by prom-

inent educators to be an expansion of the educational curriculum to include instruction in dietetics, social customs, and health and hygiene.

It may not now be disputed that it is the duty of a state to provide means for the education of the children of the state and in doing so the state is performing a governmental function. 56 C.J. 177, § 29, "Schools and School Districts." The board did not take a position to the contrary, but concluded that in operating the cafeteria system the school board was engaged in a business in competition with private industry, as distinguished from a governmental, sovereign function, and notwithstanding Mrs. Hoskins was an employee of a political subdivision of the state, her compensation was not exempt from the federal income taxes.

It is fundamental that neither a state nor the federal government may tax an instrumentality of the other, if it interferes with the governmental functions of the other. Indian Motorcycle Co. v. U. S., 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. The difficulty is always to determine whether a particular case falls within or without the rule. In Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291, relied upon by the board, exemption was sought of the salaries of trustees operating a street railway under special authority of state law. It was held that the salaries were taxable as the state was operating a business normally within the reach of the federal taxing powers, distinct from usual governmental functions that are immune.

In Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S.Ct. 172, 70 L.Ed. 384, also relied upon, appellants were consulting engineers, employed by a number of political corporations. Exemption of their compensation from federal taxation was denied, on the ground that they were independent contractors and neither officers nor employees of the political subdivisions that engaged their services. In the view we take of this case, we do not consider these decisions controlling. It is unnecessary to review numerous other cases cited by the Commissioner, as they are not in point as applied to the facts in this case.

Undoubtedly Mrs. Hoskins was an employee of the school district and not an independent contractor. It was within the discretion of the school board to determine what was essential in the operation of the schools. The cafeteria system as operated by the school board could not reasonably be considered a private enterprise, equivalent to a public cafeteria operated for profit. That its receipts were kept separate did not make it a separate entity and was no more than a matter of bookkeeping, for convenience in determining whether it showed a loss or broke even as intended. The cafeterias no doubt tended to improve the health of the pupils. Surely this was a result within the province of the school board to accomplish. Perhaps the introduction of a balanced meal gave some instruction in dietetics. To that extent, at least, it was educational.

We consider that the operation of the cafeteria system was a proper exercise of a governmental function by the school district and that Mrs. Hoskins is a public employee of a political subdivision of the state of Texas engaged in performing governmental functions.

The petition is granted, and the judgment of the Board is reversed.

WALKER, Circuit Judge, concurred in the disposition of this case, but died before the opinion was handed down.