S(C)HOLTZ, Governor of Florida, for Use of BARNETT NAT. BANK OF JACKSONVILLE, v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 8216.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1937.

Rehearing Denied March 12, 1937.

James J. Jackson, of Cocoa, Fla., for appellant.

Philip S. May and J. T. G. Crawford, both of Jacksonville, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining a demurrer to appellant's declaration. The suit was in the name of the Governor of Florida, for the use of the successor trustee and administrator, cum testamento annexo, de bonis non, of the estate of D. St. Clair Nisbet, deceased. It was against the surety on the bond of the corporate executor of the last will and testament of the decedent. The bond was conditioned upon the faithful performance by the principal of its duties as executor.

The declaration is in two counts. The first has been abandoned; the second, in its original and first amended form, with motions testing the legal sufficiency there-

of, need not be considered, as no errors are assigned thereon. The cause of action here relied on by appellant is set forth in the second amended second count and exhibits thereto. After the appellant refused to plead further, final judgment for appellee was entered. Upon the pleaded facts, we think appellant would be entitled to judgment against the surety.

Except as to his homestead, which was left to his wife, Nisbet devised and bequeathed his entire estate to the Cocoa Bank & Trust Company as trustee, and designated said bank as executor of his will, requiring it to give a good and sufficient bond. As such executor, the bank took charge of the assets of the estate, and never distributed any part thereof to itself as trustee. Fraudulent and illegal acts are alleged to have been done by the bank as executor. They consist largely in unauthorized loans and illegal investments of the funds of the estate. Nearly all of the fraudulent acts complained of, resulting in losses, were done by the executor before two years, allowed for the filing of claims against the estate, had expired; and all were done before the original executor suspended business. The allegations of the declaration and the contents of the exhibits clearly show that the losses to the estate were incurred by reason of the maladministration of appellee's principal in the bond while still acting as executor.

Prior to the case at bar, a suit was brought in a state chancery court against the receiver of said executor and others "to recover for damages done to said estate by the Cocoa Bank and Trust Company, as executor thereof," by reason of its failure as such executor faithfully to account for all assets of said estate without waste. In that suit a final decree was entered for the complainants, and it is alleged in the declaration that there is a balance due on said decree of $19,714.58. The amount of the bond sued on is $10,000.

■ We are unable to concur in the opinion of the trial court, that this decree fails to disclose who the parties were and the particular sum awarded. The entire record in the state court was available to clarify the decree and make certain its intent. In Taylor v. Branham, 35 Fla. 297, 17 So. 552, 39 L.R.A. 362, 48 Am.St.Rep. 249, the Supreme Court of Florida held, that every judgment may be construed and aided by the entire record. To the same effect are: Elizabethport Cordage Co. v.

Whitlock, 37 Fla. 190, 20 So. 255; Tilton v. Horton, 103 Fla. 497, 137 So. 801, 139 So. 142. See, also, Brett v. Ming, 1 Fla. 447. This decree was admissible in evidence (Moses v. United States, 166 U.S. 571, 600, 17 S.Ct. 682, 41 L.Ed. 1119) against the surety as at least prima facie correct, and was conclusive upon the parties and their privies. Lake County v. Massachusetts Bonding & Ins. Co. (C.C.A.) 75 F.(2d) 6.

■ We find nothing in the decree or in the record sufficient to prove that it was a mere accord and satisfaction. The surety was not released by anything done under the decree with reference to realizing upon the securities deposited by the trust company. If any subject assets were released, that would discharge the surety only pro tanto. The amounts paid by the receiver from the assets of the trust company in partial satisfaction of the decree merely served to reduce the total sum owing by the executor. No reason appears why the beneficiaries of the estate, as usees, may not maintain an action at law on the bond against the surety for the balance due under said decree after the exhaustion of the assets of the removed, insolvent, and defunct executor, whose franchise was vested in the defendant receiver under the law of Florida. Power v. Amos, 94 Fla. 411, 114 So. 364.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.