## THERRELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8212.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1937.

870

HUTCHESON, Circuit Judge, dissenting.

H. M. Voorhis, of Orlando, Fla., and H. M. Hampton, of Ocala, Fla., for petitioner.

Howard P. Locke, J. Louis Monarch, and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson and James W. Morris, Asst. Attys. Gen., and Herman Oliphant, Gen. Counsel, Dept. of Treasury, and Christopher A. Ray, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent contra.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

An additional tax was assessed by the Commissioner and sustained by the Board of Tax Appeals against John H. Therrell for the years 1931 and 1932 because of income received by him in those years as liquidator of a number of Florida banks and trust companies. The only question is whether the Federal Constitution prohibits taxation by the United States of this income earned in the service of the State of Florida. The Board held that Therrell was neither officer nor employee of the State of Florida, but an independent contractor whose compensation was taxable, relying directly on Davie et al. v. Com'r, 26 B.T.A. 1007, and Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L. Ed. 384.

We judicially notice the statutes of Florida and their provisions for the establishment of banks and trust companies, for their supervision, and for their winding up. Comp.Gen.Laws Fla. § 6053 and following, and especially sections 6102, 6102 (1), 6104, 6105, relating to liquidators. The State Comptroller when a bank or trust company is found insolvent or threatened with insolvency, or is in an unsound condition or violating the banking laws, "may * * * appoint a liquidator to take charge of the assets and affairs of such bank, and require of him such bond and security as the Comptroller deems proper * * * and such liquidator shall be subject to dismissal by the Comptroller. * * * Such liquidator under the direction and supervision of the Comptroller, shall take possession of the books; records and assets of every description of such bank * * * and in his name shall sue for and collect all debts, dues and claims belonging to it, and upon the order of a court of competent jurisdiction may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property * * * and * * * sue for and enforce the individual liability of the stockholders. Such liquidator shall pay all money received by him to the State Treasurer to be held as a special deposit * * * and shall also make quarterly reports to or when called upon, to the Comptroller." Comp.Gen.Laws Supp.Fla. § 6102. The appointment is, after notice to the bank, confirmed by the circuit court. The expenses of liquidation are paid out of the fund in the Treasurer's hands. "The compensation of the liquidator shall be fixed by the Comptroller, and shall be based upon the amount of work actually necessary and performed, and shall in no case exceed five per cent. of the cash collections." Comp.Gen.Laws Supp.Fla. § 6105. Therrell was appointed liquidator of a number of banks, and gave substantially all his time to the work. He had no commission from the Governor and took no oath of office, but he had formal appointments by the Comptroller under his official seal confirmed by the court, and gave a bond for his faithful conduct touching each bank approved by the Comptroller.

The case of Davie et al. v. Com'r, cited by the Board, was of attorneys at law who under leave of a statute were employed by the Georgia Superintendent of Banks to do certain legal work touching failed banks, their duties and compensation being entirely matters of private agreement. The conclusion reached that they were independent contractors, mere lawyers practicing their profession though having a public officer as a client, is well supported by the cases of Lucas v. Howard, 280 U.S. 526, 50 S.Ct. 87, 74 L.Ed. 593, and Lucas v. Reed, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125. Metcalf & Eddy v. Mitchell involved in much the same way consulting engineers. But such is not the case here. The liquidator does not contract with the Comptroller for a desired result, nor do they fix by agreement the liquidator's duties or compensation. The Comptroller appoints him to a public position created by law with duties and responsibilities fixed by law and guaranteed by a bond, and with a compensation also regulated by law. There is a formal commission signed, not by the Governor but by another high state officer. The work to be done includes collecting and suing, but extends to rehabilitation of the bank if possible and to conserving and safeguarding its assets in every way, and if finally insolvent to distributing its assets in conjunction with the Comptroller. He becomes the representative not of the bank or its creditors but of the Comptroller, the instrument of the state for executing its banking laws and doing justice to the bank's creditors and stockholders in its liquidation. He is not chosen by the bank or its creditors, but over their heads. It is superficial to say that they pay him. The state by its officer does that out of the bank's money, not by the consent of the bank or its creditors but by the state's power, an exaction not unlike the levying of a tax for the purpose. He has no contract rights with any one, for the Comptroller may remove him at any time. All he does is under the direction and subject to the revision of the Comptroller. In Florida Bank & Trust Co. v. Yaffey, 102 Fla. 723, 136 So. 399, 401, it is said: "A bank liquidator in this state, under the statutes providing for his appointment and controlling his duties, is a representative or agent of the comptroller and is not an officer of the court." He takes title to the assets and though the Comptroller has complete power over him a judgment against the liquidator binds the Comptroller. Amos,

Compt., v. Powell, 108 Fla. 139, 146 So. 195. This court said in Amos v. Trust Co. of Florida, 54 F.(2d) 286, 288: "Like the receiver of a national bank, the liquidator, though confirmed by a court, is not an officer of the court, but the representative of the comptroller." His appointment, powers, and compensation are in complete analogy to those of a national bank receiver under 12 U.S.C.A. §§ 67, 191, 192. Of such a receiver it was said in Re Chetwood, 165 U.S. 443, 458, 17 S.Ct. 385, 391, 41 L.Ed. 782: "The receiver was not the officer of any court, but the agent and officer of the United States." And in Auten v. United States Nat. Bank, 174 U.S. 125, 141, 19 S.Ct. 628, 634, 43 L.Ed. 920: "A receiver of a national bank appointed by the comptroller of the currency, and is an officer of the United States" as respects the jurisdiction of a federal court. In United States v. Weitzel, 246 U.S. 533, 541, 38 S.Ct. 381, 382, 62 L.Ed. 872, the court asserts: "The receiver, unlike a president, director, cashier, or teller, is an officer, not of the corporation, but of the United States. * * * As such he gives to the United States a bond for the faithful discharge of his duties; pays to the Treasurer of the United States moneys collected; and makes to the Comptroller reports of his acts and proceedings. * * * Being an officer of the United States he is represented in court by the United States attorney for the district, subject to the supervision of the Solicitor of the Treasury. * * * And because he is such officer, a receiver has been permitted to sue in the federal court regardless of citizenship or of the amount in controversy." The function of a national bank receiver could not be taxed by a state by taxing his compensation, and no more can the function of the State bank liquidator be taxed in the same way by the United States.

The classic demonstration that a banking system is a fiscal instrumentality of the national government which cannot constitutionally be taxed by a state is found in McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579. The classic counterpart is found in Collector v. Day, 11 Wall. 113, 20 L.Ed. 122, where it is shown that the governmental instrumentalities of the states are similarly not taxable by the United States. The taxation of a state judge's salary, though under a general law, was held to be a taxation of his employment as judge, and therefore of the state's administration of justice. These statements of the law have

never been departed from or improved upon. Their argument is that the powers of the national and state governments are separated and balanced in the Federal Constitution and cannot be used to impede or destroy one another; a constitutional state function is to be protected from aggression equally with a national function; that taxation if allowed on one instrumentality might by the same logic be extended to all; that taxation as to its amount knows no limit except the discretion of the taxing power; so the power to tax involves the power to destroy. The conclusion is that no taxation at all by one government of the governmental functions and instrumentalities of the other without the latter's consent can safely be allowed or be regarded as constitutional.* In this limited field the rule stated is well established, is sound in logic and wise in application. Under it officers and employees of one government cannot generally be taxed by the other on their office or on their compensation. But if the function involved be not really governmental but commercial, as in taking over for operation a business enterprise, the manager though created a public officer is taxable on his income. Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291. In Metcalf & Eddy v. Mitchell, 269 U.S. 514, 522, 46 S.Ct. 172, 174, 70 L.Ed. 384, it is said the immunity extends to "those agencies through which either government immediately and directly exercises its sovereign powers. * * * Thus the employment of officers who are agents to administer its laws * * * [is] so intimately connected with the necessary functions of government, as to fall within the established exemption; and when the instrumentality is of that character, the immunity extends not only to the instrumentality itself but to income derived from it." We are of opinion that the establishment and supervision and orderly winding up of state banks is a true governmental function of the state, resting not only on its fiscal needs and powers but also on its police power. The winding up involves also the governmental power of administering justice to its citizens. The bank liquidator, though not a public officer in the full sense, is a public official and an instrumentality appointed by the state to aid directly both in the administration of its banking laws and to do justice to those interested in a failed bank. He takes up where the Comptroller leaves off, and does what the Comptroller, if he had time, might well do himself. The Comptroller, indeed, retains such authority that the liquidator is justly said to be his representative. The liquidator cannot by the United States be taxed on his employment to any extent. If anything is taken from him as tax, he would lack that much of receiving what the state law allows him. Compare Dobbins v. Erie County, 16 Pet. 435, 10 L.Ed. 1022, where the compensation of the captain of a United States revenue cutter was involved, and Hoskins v. Commissioner (C.C.A.) 84 F.(2d) 627, where the salary of a superintendent of a state public school cafeteria was sought to be taxed. The tax assessed here cannot constitutionally be sustained. The judgment is reversed with direction to eliminate it.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

The view of the majority, that to tax petitioner in respect of the compensation he receives from the banks he liquidates is to invade and impair the sovereignty of Florida, seems to me illogical and unreal. Illogical and unreal because by law his compensation is to be, it is in fact, paid not by the state from its own funds, but by each bank he liquidates and from the funds of that bank. I recognize the existence and binding force of the holding that to tax officers and employees of a state actually employed in conducting, or in connection with the conduct of, its governmental functions in respect of their compensation as salaries or wages paid them by the state from its own funds is to burden the state. I realize that it would be vain now to protest that ruling. Texas Co. v. Carmichael (D.C.) 13 F.Supp. 242, 247. I think it plain, however, that the decisions which so hold have pressed the doctrine of governmental immunity to its very verge. To extend the protection of that doctrine as here proposed to one who is neither an officer of the state nor its employee but a mere agent at the will of or contractee with the Comptroller is, I think, not only without the support of a single authority but contrary to the very reason of the doctrine invoked. That reason, that the state must be free from interference in the exercise of its sov-

---

* State taxation of national bank shares is a case of such consent. Baltimore National Bank v. State Tax Commission, 297 U.S. 209, 56 S.Ct. 417, 80 L.Ed. 586.

ereign powers and that if its officers and agents are subject to be taxed in respect of the compensation it pays them, the state is no longer sovereign but subject, may support the exemption from federal taxation where the salaries are charged upon and are paid from state funds. It certainly, I think, does not support the exemption of the compensation paid by banks to their liquidators out of their own funds, any more than it exempts the salaries and wages, paid to the officers, agents, and employees of the bank who are employed or retained in its service by and under the liquidator.

I do not believe my associates would extend the exemption this far. I have difficulty in making flesh of one and fowl of the other when all are engaged to the same end, in liquidating the bank, all are under the same general supervision and control of the state Comptroller, and all are paid from the same source. It will avail nothing to point out that the supervision and liquidation of banks is a governmental function and the Comptroller an officer of the state, discharging that function. The liquidator is not an officer of, he draws no salary from, the state. He merely undertakes for and under the appointment of a Comptroller, as a court receiver does for and under the appointment of a court, to handle specific matters of conservation and liquidation when appointed to do so. It will serve no purpose to cite or discuss the great number of authorities according or denying exemption on varying states of facts. It is sufficient to say they all agree upon the principle that where the effect of the tax upon the state is regarded as immediate and direct there is immunity; where it is regarded as remote and indirect there is none. Illustrative cases discussing the principle and assembling the authorities are: Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291; Burnet v. A. T. Jergins Trust, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925; Metcalf & Eddy v. Mitchell, Administratrix, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Register v. Commissioner (C.C.A.) 69 F.(2d) 607, 93 A.L.R. 186; Fox Film Corporation v. Doyal, 286 U.S. 123, 52 S.Ct. 546, 76 L.Ed. 1010; Liggett & Meyers Tobacco Co. v. United States, 57 S.Ct. 239, 81 L.Ed. ——, decided January 4, 1937.

I think the Board rightly denied the exemption. Its decision and order should stand. I dissent from the reversal.