ESTATE OF STANCHFIELD.

*April 7—June 1, 1920.*

*States: Federal government: Conflict of laws: National banks as fiduciaries.*

The state statute (sec. 2024—77r, Stats.) prohibiting courts from appointing as trustees or other fiduciaries corporations not organized under secs. 2024—77i to 2024—77q must yield to sec. 11 (k) of the act of Congress of December 23, 1913 (38 U. S. Stats. at Large, 251, ch. 6), establishing the federal reserve board and authorizing such board to permit national banks to act as fiduciaries when not in contravention of state or local law, and the amendment of September 26, 1918 (40 U. S. Stats. at Large, 968, ch. 177), declaring that, if the state law permits banks, trust companies, or other corporations which compete with national banks to exercise fiduciary powers, the granting and exercise of these powers by national banks shall not be deemed in contravention of state or local law; and the request of the petitioner that a national bank be appointed executor of his father's estate should have been granted.

APPEAL from an order of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Reversed.*

S. B. Stanchfield, father of the petitioner, *George H. Stanchfield,* made a will giving all of his property to the

petitioner, in which will no executor was appointed. *George H. Stanchfield* petitioned the court to probate the will and to appoint the Commercial National Bank of Fond du Lac administrator of the estate. The petitioner claims that the Commercial National Bank of Fond du Lac has been given power under the federal statutes and a permit of the federal reserve board to act in such trust capacity.

Hearing was had on the petition and the will admitted to probate. The court, however, denied the petition to appoint the bank as administrator on the grounds that ch. 180, Laws 1919, prohibits such appointment.

Appeal is taken by petitioner from the order denying the petition to appoint such bank as administrator.

For the appellant there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *Alfred D. Sutherland* and *D. D. Sutherland*.

SIEBECKER, J. The county court denied the application to appoint the Commercial National Bank of Fond du Lac administrator of decedent's estate upon the ground that the provisions of sec. 2024—77r, Stats. 1919 (ch. 180, Laws 1919), forbid such appointment. This statute provides:

"No court of this state shall appoint or name any corporation as trustee, executor, administrator, guardian, assignee, receiver or in any other fiduciary capacity unless such corporation is organized and existing under the provisions of sections 2024—77i to 2024—77q of the statutes."

Of course the Commercial National Bank is not organized or existing under the statutes of this state. The effect of the county court's ruling is that the provisions of sec. 2024—77r, prohibiting appointment of corporations as fiduciaries, are valid and applicable to national banks. In the case of *First Nat. Bank v. Fellows ex rel. Union T. Co.* 244 U. S. 416, 37 Sup. Ct. 734, the United States supreme court has held that Congress has the power to confer on

national banks the right to "act" as trustees, executors, administrators, and in other fiduciary capacities, and that Congress did, by sec. 11 (k) of the act of Congress approved December 23, 1913, establishing the federal reserve board (38 U. S. Stats. at Large, 251, ch. 6), properly give such board authority "to grant by special permit to national banks applying therefor, when not in contravention of state or local law, the right to act as trustee, executor, administrator," etc. The grounds of the court's holding are fully expressed in the head-note to the case, as follows:

"The circumstance that a function is of a class subject to state regulation does not prevent Congress from authorizing a national bank to exercise it, nor would it lie with the state power to forbid this. A business not inherently such that Congress may empower national banks to engage in it may nevertheless become appropriate to their functions if, by state law, state banking corporations, trust companies, or other rivals of national banks are permitted to carry it on."

As stated by Chief Justice WHITE in expressing the opinion of the court:

"Manifestly this excluded the power of the state in such case, although it might possess in a general sense authority to regulate such business, to use that authority to prohibit such business from being united by Congress with the banking function, since to do so would be but the exertion of state authority to prohibit Congress from exerting a power which under the constitution it had a right to exercise."

It is there held that if state banks, trust companies, and other rivals or *quasi*-rivals of national banks are permitted to carry on a business not inherently such as may be conferred by Congress on national banks, such rights possessed by these rivals may make it appropriate to be conferred on national banks to enable them to perform their functions.

Since this decision by the federal supreme court, Congress by act of September 26, 1918 (40 U. S. Stats. at Large, 968, ch. 177), among other things added to the original provi-

sions of sec. 11 (k) conferring fiduciary powers, the following:

". . . or in any other fiduciary capacity in which state banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located. Whenever the laws of such state authorize or permit the exercise of any or all of the foregoing powers by state banks, trust companies, or other corporations which compete with national banks, the granting to and exercise of such powers by national banks shall not be deemed to be in contravention of state or local law within the meaning of this act."

National banks, within the legitimate powers conferred on them by Congress, cannot "be interfered with by state legislation or judicial action, except so far as the law-making power of the government may permit." *Van Reed v. People's Nat. Bank,* 198 U. S. 554, 25 Sup. Ct. 775.

It is clear that the powers conferred on corporations in Wisconsin to act as trustees and other fiduciaries make these corporations rivals of the Commercial National Bank of Fond du Lac under the power conferred on it by the federal reserve board and the acts of Congress. Under these circumstances the state must yield to the rights so conferred on national banks. *Hamilton v. State* (Conn.) 110 Atl. 54.

Upon the facts of record in this case, the petitioner, *George H. Stanchfield,* was entitled as a matter of right to have the county court pass upon the prayer of his petition for the appointment of the Commercial National Bank of Fond du Lac as administrator of the estate of S. B. Stanchfield, deceased. The order of the county court denying the petition for the appointment of such national bank as administrator upon the ground that such national bank cannot legally act in the capacity of administrator was erroneous and must be reversed. The case will be remanded to the county court with direction to pass upon this application of such petitioner and for further proceedings in such county court according to law.

*By the Court.*—It is so ordered.