C. E. CAMPBELL, EMALINE R. CAMPBELL, joined by her husband, C. E. CAMPBELL, for the purpose of this suit, L. M. BRUNDAGE and GUARANTEED MORTGAGE AND TITLE COMPANY, a corporation organized and existing under the laws of the State of Florida, *Appellants*, vs. C. L. VINING, as Receiver of EAST COAST BANK & TRUST COMPANY, a corporation organized and existing under the banking laws of the State of Florida, *Appellee*.

Division B.

Opinion filed February 19, 1931.

*John| S. Byington,* for Appellants;
*Parkinson & Riegle,* for Appellee.

BUFORD, J.—This is an appeal from a general demurrer to a bill of complaint. The pertinent allegations of the bill of complaint are in effect that certain property described in the bill was conveyed to East Coast Bank & Trust Company in trust for the complainants. That although the deeds on the faces thereof conveyed the legal title to East Coast Bank & Trust Company, Trustee, the grantee named in the deed took the title in trust for the complainants and held the title to be disposed of under the terms of a trust agreement, a copy of which is attached to the bill of complaint, and the Bank had no interest in the property except as such Trustee.

The bill alleges that a part of the property was conveyed by the Trustee. That while a large portion of the property remained in the Trustee, the East Coast Bank & Trust Company, it became insolvent and C. L. Vining was appointed Receiver and succeeded to the trust. That the Receiver has conveyed a part of the trust property

and received the consideration paid for the same. That a large portion of the trust property remains in the hands of the Receiver.

The prayer is for an accounting and that the Receiver be required to pay over to the complainants the amount held in trust by the Receiver for the Complainants and convey to the complainants the remainder of the trust property so held by the Receiver.

There was a general demurrer to the bill of complaint which was sustained.

It is contended here that the bill may not be maintained because it fails to show that the claim was presented to the Receiver of the defunct bank within one year after it ceased operation and because there is no showing in the bill that monies received by the Bank as Trustee while it was a going concern were turned over to the Receiver as a trust fund.

Any money received by the Bank upon the sale of trust property and remaining in the Bank at the time of its going into the hands of a Receiver may have constituted a trust fund. This fund may have had the status of a preferred claim which should have been presented to the Receiver within one year after the date of the closing of the Bank. This status would depend upon what disposition had been made of the fund by the parties. In regard to this, the bill is sufficient to show that the complainants are entitled to recover from the Receiver those particular monies received by the Bank during its operation as such.

The provisions of Section 1 of Chapter 7935 Acts of 1919, Section 6104 C. G. L. 1927, do not apply to the trust assets such as are described in the bill.

In Power et al. vs. Amos, 94 Fla. 411, 114 Sou. 364, this Court say:

"The words, 'The State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank' imply and mean that the receiver in his representative capacity takes title to the assets and affairs of the institution and the Comptroller has complete discretionary power over them, subject to the other provisions of the Act, and the 'affairs' of the Bank include all business interests of the Bank, including trust estates of every character lawfully held by the Bank for which receiver is appointed and the receiver is charged with handling such trust matters in the same manner in which the original trustee was charged with handling such matters until such time as a substitute trustee may be duly appointed by a court of chancery having jurisdiction of the matter.

The provision that "Such receiver shall pay all money received by him to the State Treasurer to be held as a special deposit for the use and benefit of the creditors subject to the order of the Comptroller', will not be held to apply to monies received by the receiver as acting trustee, because this provision of the statute clearly applies to funds in which creditors of the defunct banking institution have an interest and such creditors can have no interest in funds accruing from trust estates held by the defunct bank in its trust capacity.

It is the duty of the Comptroller, through his receiver or agent, to execute the trust according to the terms under which the trust was created."

It is not to be questioned that equity has jurisdiction in all matters relating to trust estates and may direct the conduct of trustees in their dealings with property which is held or controlled by a trustee and adjudicate the rights between trustees and beneficiaries of the trusts. Puterbaugh Pleading & Practice, Chancery, 6th Ed., pages 523 and 524. See also Leech vs. Plymouth County Savings Bank, 201 Iowa 349, 207 N. W. 332.

The bill contains equity and the demurrer should have been overruled.

The order appealed from is reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.