WASSON BOND & MORTGAGE CO. v. J. H. THERRELL, as Liquidator of Biscayne Trust Co.

(Two Cases.)
151 So. 497.
Division B.
Opinion Filed December 5, 1933.

*Arthur Codington* and *Meyer & Lipton,* for Appellant; *Kurtz & Reed,* for Appellee.

BUFORD, J.—In this case we consider two appeals. The first is from an order appointing a receiver. The second appeal is from a final decree.

The suit was instituted by Therrell as liquidator of Biscayne Trust Company, a Florida Corporation, appointed by the Comptroller under authority of the statutes authorizing the Comptroller to take charge of and to wind up the affairs of banks and trust companies under the conditions provided for in the statutes, to foreclose a trust deed.

The trust deed, among other things, contained the following provisions: "The exclusive right of action hereunder is vested in the Trustee until the refusal or omission of said Trustee to act."

And also the following: "The Trustee may resign at any time by giving Thirty (30) days' notice thereof to a majority of the registered bondholders, or if none are registered, by publishing such resignation at least one time in a paper published in Miami, Florida, and by recording the same in the office of the Clerk of the Circuit Court of Dade County, Florida. The holders of a majority of the outstanding bonds may elect a successor, but the successor must be a trust company authorized to act as Trustee in Florida.

"Section 9: If a majority of the bondholders neglect for a period of sixty days to elect a trustee, then upon application of any bondholder, the Circuit Judge of the Eleventh Judicial Circuit of Dade County, Florida, may appoint a

Trustee, and in that case the Trustee appointed must be a trust company authorized to act in Florida."

These provisions of the trust deed are the basis for the contention of the appellant that the liquidator was without authority to maintain this suit. The appellant contends that inasmuch as the method providing a successor-trustee was specifically set forth in the trust deed that a successor-trustee could not be created or come into existence except by the method designated in the trust deed.

The appellant's contention as to the law governing the appointment of a successor-trustee for a trust estate where the trustor has specifically by the terms of the trust instrument provided for the selection and appointment of a successor-trustee is probably well grounded. The trouble here is that that law does not apply to this case. Therrell as liquidator of Biscayne Trust Company was not a successor-trustee. The liquidator was the instrumentality provided by law for the execution of the trust upon the original trustee being suspended and until a trustee could be appointed or selected in pursuance of law, or under the terms of the trust deed.

In Power, *et al.*, v. Amos, 94 Fla. 411, 114 Sou. 369, we said: "The words, 'The State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank' imply and mean that the receiver in his representative capacity takes title to the assets and affairs of the institution and the Comptroller has complete discretionary power over them, subject to the other provisions of the Act, and the 'affairs' of the bank include all business interests of the bank, including trust estates' of every character lawfully held by the bank for which receiver is appointed and the receiver is charged with handling such trust matters in the same manner in which the original

trustee was charged with handling such matters until such time as a substitute trustee may be duly appointed by a court of chancery having jurisdiction of the matter."

To the same effect was the holding in Campbell, *et al.*, v. Vining, 101 Fla. 939, 133 Sou. 555; and Eureka Corporation v. Guardian Trust Co., *et al.*, 104 Fla. 117, 139 Sou. 198.

This was the law of the State of Florida when the trust deed was executed appointing this Florida trust company the trustee, and, therefore, the trust deed was necessarily made in contemplation of the law of Florida and this provision of the Florida law as construed by the Supreme Court became as much a part of the trust deed as if it had been written therein.

We have examined the assignments of error based on other contentions and find no reversible error disclosed by the record. Therefore, the order appointing a receiver and the final decree of foreclosure should both be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, and TERRELL, J. J., concur.

BROWN, J., not participating because of illness.