T. K. Adams, *et al.,* v. Atlantic National Bank of Jacksonville, as Executor and Trustee, etc.

155 So. 648.

En Banc.

Opinion Filed June 13, 1934.

*L. W. Baldwin,* for Appellants;

*E. J. L'Engle, J. W. Shands* and *Knight, Adair, Cooper & Osborne,* for Appellee.

Davis, C. J.—By his last will and testament one Herbert Adams nominated and appointed his wife, Ella B. Adams, and The American Trust Company, a corporation under the banking and trust company laws of the State of Florida, and the survivor of them, as executors of his said will. Letters testamentary on the probate of said will were issued in due course by the County Judge of Duval County.

Thereafter the widow, Ella B. Adams, resigned as executor. Subsequently, letters testamentary were issued by the County Judge to the said The American Trust Company, as sole executor of the will and thereafter the said trust company acted as such for a long period of time. This suit, instituted as a proceeding in equity in the Circuit Court of Duval County, involves the status of the Atlantic National Bank of Jacksonville as a corporate executor and trustee under the last will and testament of said Herbert Adams after the said The American Trust Company, the only judicially approved corporate executor and trustee under the will, had been merged with the Atlantic National Bank of Jacksonville under an Act of Congress so providing.

This appeal is from an interlocutory order of the Chancery Court holding that by virtue of the 1933 Act of Congress and a resultant merger accomplished pursuant to the Federal law and approved by the Comptroller, as the representative of the State of Florida, the Atlantic National Bank of Jacksonville is now the lawfully authorized executor and trustee under the Herbert Adams will by virtue of the merger and consolidation with said Atlantic National Bank of Jacksonville of the American Trust Company, despite the fact that there has been no order of approval thereof entered by the probate court that made the original appointment, nor any consent thereto given by the other interested parties under the will.

So the question we are called upon to decide is whether or not it was competent for an Act of Congress (Section 34a, title 12, U. S. Code, as amended by Section 24 (b) of the 1933 Banking Act—Pub. No. 66, 73rd Congress, approved June 16, 1933) to provide that a Florida trust company as a corporate executor and trustee duly acting as such under appointment by order of a County Judge in the

State of Florida, may be succeeded as such corporate executor and trustee by a national bank as a result of a private contract whereby such corporate executor and trustee is merged and consolidated with the national bank, without the approval or other order of the court making the original appointment, or the consent of other interested parties?

The appellee, as complainant below, filed its bill in equity, and sought to maintain the bill, upon the theory that the Act of Congress above referred to was controlling as to the effect of a consolidation of a Florida trust company with a national banking association enjoying the right to do a trust company business in the State of Florida, to the extent of continuing the corporate existence of the constituent trust company in the consolidated national bank, so that the latter is to be deemed in law to be the same corporation as each of the constituent corporations.

Incidental to its main proposition, appellees set up the contention that all rights, franchises and interests of the Florida trust company in and to every species of property, real, personal and mixed, and choses in action thereunto belonging, are to be deemed in law to have been by virtue of such merger and consolidation, transferred to and vested in such consolidated national bank without any deed or other transfer, so that "by virtue of such consolidation and without any order or other action on the part of any court or otherwise" under the Federal statute of 1933, the national bank holds and enjoys the same and all rights of property, franchises and interests, including appointments, designations and nominations and all other rights and interests as trustee and executor, in the same manner and to such extent as such rights, interests and franchises were held or enjoyed by such Florida trust company.

On the other hand, appellants, as defendants below, took

the position that the exercise of any such power with reference to State corporate functions is beyond the scope of the constitutional prerogative of the United States Congress. And so it is that the view of this case which we have presented to us by appellants on this appeal is that the chancellor below erred in entering his interlocutory order refusing to dismiss the bill of complaint filed by the Atlantic National Bank of Jacksonville purporting to be executor and trustee of the Adams will solely by virtue of its consolidation with the American Trust Company as authorized by the Federal statutes.

The Federal statute required to be considered is as follows:

Section 34a, Title 12, U. S. Code Annotated (Nov. 7, 1918, c. 209, Sec. 3, as added Feb. 25, 1927, c. 191, Sec. 1, 44 Stat. 1225; June 16, 1933, c. 88, Sec. 24, 48 Stat. 190):

"Consolidation of State Bank, etc., with National Bank; Capital Stock; Dissenting Shareholders.—

"Any bank incorporated under the laws of any State, or any bank incorporated in the District of Columbia, may be consolidated with a national banking association located in the same State, county, city, town, or village under the charter of such national banking association on such terms and conditions as may be lawfully agreed upon by a majority of the board of directors of each association or bank proposing to consolidate, and which agreement shall be ratified and confirmed by the affirmative vote of the shareholders of each such association or bank owning at least two-thirds of its capital stock outstanding or by a greater proportion of such capital stock in the case of such State bank if the laws of the State where the same is organized so require, at a meeting to be held on the call of the directors after publishing notice of the time, place and object

of the meeting etc. * * *. The capital stock of such consoldiated association shall not be less than that required under existing law for the organization of a national banking association in the place in which such consolidated association is located. Upon such a consolidation, or upon a consolidation of two or more national banking associations under Section 33 of this Title, the corporate existence of each of the constituent banks and national banking associations participating in such consolidation shall be merged into and continued in the consolidated national banking association and the consolidated association shall be deemed to be the same corporation as each of the constituent institutions. All the rights, franchises, and interests of each of such constituent banks and national banking associations in and to every species of property, real, personal, and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such consolidated national banking association without any deed or other transfer; and such consolidated national banking association, by virtue of such consolidation and without any order or other action on the part of any court or otherwise, shall hold and enjoy the same and all rights of property, franchises, and interests, including appointments, designations, and nominations and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates · of lunatics and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any such constituent institution at the time of such consolidation: Provided, however, that where any such constituent institution, at the time of such consolidation was acting under appointment of any court as trustee, executor, administrator, registrar

of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics or in any other fiduciary capacity, the consolidated national banking association shall be subject to removal by a court of competent jurisdiction in the same manner and to the same extent as was such constituent corporation prior to the consolidation, and nothing herein contained shall be construed to impair in any manner the right of any court to remove such a consolidated national banking association and to appoint in lieu thereof a substitute trustee, executor, or other fiduciary, except that such right shall not be exercised in such a manner as to discriminate against national banking associations, nor shall any such consolidated association be removed solely because of the fact that it is a national banking association. * * * No such consolidation shall be in contravention of the law of the State under which such bank is incorporated. The words 'State bank,' 'State banks,' 'bank,' or 'banks," as used in this section, shall be held to include trust companies, savings banks, or other such corporations or institutions carrying on the banking business under the authority of State laws."

Under the statute above quoted, the corporate identity of The American Trust Company did not cease when said Florida trust company, acting under the authority and with the approval of its Board of Directors and all of its stockholders, made (as alleged in the bill of complaint) the written agreement of December 18, 1933, whereby the said The American Trust Company consolidated with the Atlantic National Bank of Jacksonville, said contract of consolidation having been duly approved by the Comptroller of the Currency of the United States and having likewise been approved by the Comptroller of the State of Florida on February 8, 1934, after all provisions and requirements

necessary to effectuate said consolidation had been affirmatively complied with at the times and in the manner required by law.

The express provisions of the Act of Congress hereinbefore quoted are not in conflict with any Florida statute or judicial decision.

The right of a consolidated national bank to exercise and enjoy the functions, powers and privileges of a trust company under the laws of a state where those laws permit, cannot be successfully challenged in view of the following cases: First Nat. Bank of Bay City v. Fellows, *ex rel.* Union Trust Co., 244 U. S. 416, 37 Sup. Ct. Rep. 734, 61 L. Ed. 1233; Burnes Nat. Bank of St. Joseph, Mo., v. Duncan, 265 U. S. 17, 44 Sup. Ct. Rep. 427, 68 L. Ed. 881; *In re:* Stanchfield's Estate, 171 Wis. 553, 178 N. W. Rep. 310; Hamilton v. State, 94 Conn. 648, 110 Atl. Rep. 54; Fidelity Nat. Bank & Trust Co. v. Enright, 264 Fed. 236; *In re:* Turner's Estate, 277 Pa. 110, 120 Atl. Rep. 701; Carpenter v. Aquidneck Nat. Bank, 46 R. I. 152, 125 Atl. Rep. 358. There is no provision in the Florida statutes to the effect that the charter of a Florida trust company consolidated or merged with another bank or trust company, whether state or national in character, shall thereby become void (except for the purpose of discharging existing obligations), as is the case in the Commonwealth of Massachusetts under its statutes, therefore what has been held by the Massachusetts courts in *In re:* Worchester County Nat. Bank, 263 Mass. 394, 162 N. E. Rep. 217, affirmed in 279 U. S. 347, 49 Sup. Ct. Rep. 368, 73 L. Ed. 733, is not applicable in this State. And it is well settled that a state banking institution may be converted into a national institution without losing its corporate identity. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. Rep. 450, 36

L. Ed. 162; Metropolitan Nat. Bank v. Claggett, 141 U. S. 520, 12 Sup. Ct. Rep. 60, 35 L. Ed. 841.

It is demonstrated in the pleadings in this case that the accomplished merger and consolidation here considered has been duly approved by the Comptroller of the State of Florida and that the Atlantic National Bank of Jacksonville, pursuant to such approved merger and the assumption by it of the corporate trust functions heretofore exercised by The American Trust Company, is complying with the Florida statutes requiring deposit and maintenance of special securities with the State Treasurer, as provided by Section 6131 C. G. L., 4188 R. G. S. The provisions of Section 6145 C. G. L. (Chapter 9287, Acts of 1923) making it unlawful for any corporation or association to exercise any of the trust functions prescribed by the laws of Florida to be exercised by trust companies, without first having obtained a charter under the laws of the State of Florida granting the exercise of such trust powers, duties and functions, was satisfied when The American Trust Company, before its consolidation with Atlantic National Bank of Jacksonville pursuant to the 1933 Federal law, obtained its charter under the laws of this State, to carry on trust functions and to exercise trust duties and powers.

It has been held by respectable authority that persons who have named corporations as trustees are presumed to know that consolidations and mergers are possible and are consequently presumed to have contemplated an assent to such corporate changes and consequences. First Minneapolis Trust Co. v. Lancaster Corp., 185 Minn. 121, 240 N. W. Rep. 459; Chicago Title & Trust Co. v. Zinser, 264 Ill. 31, 105 N. E. Rep. 718. Our own decisions are in harmony with this rule. Power v. Amos, 94 Fla. 411, 114 Sou. Rep. 364; Wasson Bond & Mtge. Co. v. Therrell, 113

Fla. 140, 151 Sou. Rep. 497; Tomasello v. Murphy, 100 Fla. 132, 129 Sou. Rep. 328; Power v. Chillingworth, 93 Fla. 1030, 113 Sou. Rep. 280; Campbell v. Vining, 101 Fla. 939, 133 Sou. Rep. 555; Amos v. Trust Co. of Fla., 54 Fed. (2d) 286.

It seems sound on principle to hold that when a state trust company, pursuant to an Act of Congress, becomes merged with a national bank so as to enlarge its functions, and to increase or decrease its assets and liabilities, even though accompanied by a change in the personnel of its officers, stockholders and directors, the State interposing no objection thereto and having no statute providing for the termination of the State charter of the merged state institution by reason of the merger or contingent thereon, the corporate identity of the merged state institution is not lost, but continues, in spite of the fact that it gives up one charter and takes another and thereby becomes subject to different laws and owes its fealty to a different jurisdiction, and that if the State wishes to prevent the result above stated, it must do so by some such provision as is to be found in the laws of Massachusetts, whereby the domestic charter of the state corporation becomes void *eo instanti* its consolidation or merger with another bank or trust company, thereby causing the termination of the state charter to operate in law as a complete. dissolution of the state corporation for all purposes except the discharge of existing obligations and liabilities.

We hold therefore in this case that by virtue of the Act of Congress hereinbefore referred to, and by force of the act of consolidation and merger of The American Trust Company with the Atlantic National Bank of Jacksonville, as approved by the competent authorities of the State and of the United States, the said The Atlantic National Bank

of Jacksonville has become and is now the executor under the will of W. Herbert Adams, deceased, as held by the chancellor below, and that the consolidated institution, said Atlantic National Bank, so far as its trust company functions are concerned, is still under the jurisdiction and supervision of the banking authorities of the State of Florida by reason of the continuance in said Atlantic National Bank of the corporate identity of The American Trust Company for the purposes of exercising the trust functions, duties and responsibilities heretofore devolving upon said The American Trust Company prior to its merger and consolidation.

We hold further that the Act of February 25, 1927, U. S. Code, title 12, Section 34a, as amended by Section 24 (b), U. S. Banking Act, 1933 (U. S. Pub. Laws No. 66, 73rd Congress, approved June 16, 1933) is controlling as to the legal effect to be attributed to the consolidation of a Florida trust company with a national banking association enjoying the right to do a trust company business under the laws of Florida, to the extent of continuing the corporate existence of the constituent trust company in the consolidated bank. We likewise hold that said Act of Congress, properly construed, does not undertake to deny, destroy nor impair without the consent of the states, any of the legislative and judicial powers reserved by the states with reference to their own corporate creatures. Such Act of Congress is therefore not an unconstitutional invasion by Congress of any legislative power inherent in the State of Florida to be exercised over its own corporations, nor is it an unwarranted interference with the practice and procedure in the courts of the State of Florida under the circumstances.

The interlocutory order appealed from is affirmed.

Whitfield, Terrell and Buford, J. J., concur.
Ellis and Brown, J. J., dissent.