EVA G. BRIGHAM, *et ux.,* and BRIGHAM & Co., a statutory trust, v. C. C. YOUMANS, as Successor Trustee, and M. A. SMITH, as Liquidator of the Bank of Bay Biscayne.

164 So. 828.
Opinion Filed December 18, 1935.
Rehearing Denied January 10, 1936.

*E. F. P. Brigham,* for Appellants;
*Redfearn & Ferrell,* for Appellees.

BUFORD, J.—The appeal brings for review an order denying motion to dismiss bill of complaint in a foreclosure suit originally instituted by Bank of Miami and Trust Company, as Trustee, and J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, which Bank of Bay Biscayne was

Trustee under a certain deed of trust executed by the appellants.

The motion to dismiss contained a number of grounds, but on this appeal it is contended that the motion should have been granted and that the denial thereof was error because the suit was not maintained in the name of parties having the right to maintain the suit because they were not vested with the powers of Trustees or Successor-Trustees to the trust created under the deed of trust.

The trust deed named Biscayne Trust Company as Trustee. The trust deed contained the following:

"THIS INDENTURE, Made the 15th day of July, Nineteen Hundred and Twenty-seven, between EVA G. BRIGHAM, joined by A. H. BRIGHAM, her husband, hereinafter known as party of the First Part, which expression shall include their heirs, executors, administrators and assigns, wherever and whenever the context so requires or admits, and BISCAYNE TRUST COMPANY, a corporation, organized and existing under the laws of the State of Florida, Trustee, party of the Second Part, hereinafter referred to as the Trustee, which expression shall include and extend to its assigns, successors and successors in trust, wherever and whenever the context so requires or admits, and each and every person, firm or corporation now or hereafter becoming holders or owners of any of the hereinafter mentioned notes, parties of the Third Part, hereinafter referred to as Noteholders."

It also contained the following provisions:

"14th. If the Trustee shall resign or be removed, a majority of the Noteholders may appoint a new Trustee by an instrument in writing. If none is named for a period of sixty days then the Judge of the Circuit Court of the County of Dade, State of Florida, shall, upon a petition being filed by any Noteholder, name a Trustee to succeed

the herein named Trustee; the successors to the present Trustee must, however, be a Trust Company created under the laws of Florida, and authorized to transact business in Dade County."

The suit was filed on the 24th day of August, 1932, by Bank of Miami and Trust Company, a Florida Corporation, and J. H. Therrell, as Liquidator of the Bank of Bay Biscayne. The bill alleged, amongst other things:

"After the execution of said mortgage, and on the 11th day of June, 1930, the Biscayne Trust Company closed its doors and was taken over by the State Banking Department, and the Honorable Ernest Amos, Comptroller, did on the 25th day of July, 1930, name the Guardian Trust Company of Miami, Florida, in the County of Dade, as Liquidator of the Biscayne Trust Company. Thereafter on the 29th day of July, 1930, the Honorable Uly O. Thompson, one of the Judges of the Circuit Court of Dade County, Florida, entered an order confirming the appointment of the Guardian Trust Company as Liquidator of the Biscayne Trust Company. Thereafter, on March 27, 1931, the Guardian Trust Company resigned as Liquidator of the Biscayne Trust Company and the Honorable Ernest Amos, Comptroller, appointed J. H. Therrell as Liquidator of the Biscayne Trust Company, and the said J. H. Therrell is now the only duly qualified and acting Liquidator of the Biscayne Trust Company, and has been the duly qualified and acting Liquidator of the said Biscayne Trust Company since his appointment by the Honorable Ernest Amos, Comptroller, on the 27th day of March, 1931."

Further in the bill it is alleged:

"Thereafter, the Guardian Trust Company became insolvent and the Honorable Ernest Amos, Comptroller of the State of Florida, took charge of said Guardian Trust

Company and named J. H. Therrell, as Liquidator of the Guardian Trust Company, and an order was entered by the Honorable Uly O. Thompson, one of the Judges of this Court, on the 11th day; of July, 1931, which order is recorded in chancery order book 241, page 418, in the office of said Clerk, confirming the appointment of J. H. Therrell, as Liquidator of said Guardian Trust Company of Miami, Florida."

And then it is alleged:

"The said J. H. Therrell, as Liquidator of said Guardian Trust Company, thereupon took charge of the assets of said Guardian Trust Company, among which was the mortgage or trust deed herein sought to be foreclosed, a copy of which is attached to this bill of complaint and made a part hereof and marked exhibit 'B.' Thereafter, the said J. H. Therrell, as Liquidator of the Guardian Trust Company and also as Liquidator of the Biscayne Trust Company, resigned as Trustee, under said mortgage or deed of trust by the resignation now of record in mortgage book 867 at page 109 of the public records of Dade County, Florida. A copy of said resignation is hereto attached and made a part hereof and marked Exhibit 'C.' "

In paragraph 14 of said mortgage or trust deed, it is provided as follows:

"If the Trustee shall resign or be removed, a majority of the Noteholders may appoint a new Trustee by an instrument in writing. If none is named for a period of sixty days then the Judge of the Circuit Court of the County of Dade, State of Florida, shall, upon a petition being filed by any Noteholder, name a Trustee to succeed the herein named Trustee; the successors to the present Trustee must, however, be a Trust Company created under the laws of

Florida, and authorized to transact business in Dade County.'

"After the resignation of the said J. H. Therrell, as Liquidator of the Guardian Trust Company and of the Biscayne Trust Company, as Trustee under this mortgage or trust deed, he thereupon notified the Noteholders of his resignation by a notice, a copy of which is hereto attached and made a part hereof and marked Exhibit 'D.' Thereupon the Noteholders by virtue of the authority vested in them under the 14th paragraph of said trust deed hereinabove quoted, appointed the complainant, Bank of Miami and Trust Company, as the Trustee under said mortgage or trust deed. Copies of the appointments made by said Noteholders are hereto attached and made a part hereof and marked Exhibits 'E,' 'F,' 'G,' 'H,' 'I,' 'J' and 'K.'

"Complainants allege that the Bank of Miami and Trust Company has accepted the appointment of Trustee made by a majority of Noteholders as hereinbefore set forth, and a copy of the acceptance of said trust is hereto attached and made a part hereof and marked Exhibit 'L.'

"Complainants allege that the Bank of Bay Biscayne is a Florida Corporation formerly having its principal office and place of business in Miami, Dade County, Florida; that it closed its doors on June 11, 1930, and thereafter the Honorable Ernest Amos, Comptroller of the State of Florida, appointed J. H. Therrell as Liquidator thereof and he was duly confirmed as such Liquidator by the Honorable George W. Tedder, Judge of the Circuit Court of Broward County, Florida. Complainants further allege that the said J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, is the owner and holder of the following notes: No. 9 at $1,000.00; Nos. 14, 51 and 16 at $1,000.00; Nos. 27 and 28 at $500.00; totaling $5,000.00 and being a portion of the

notes hereinbefore described and being secured by the mortgage or trust deed herein sought to be foreclosed. The said J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, joins in this bill of complaint as a Noteholder in order to aid in the foreclosure of said mortgage, not only for his own benefit, but for the pro rata benefit of the other Noteholders holding notes' secured by said mortgage or trust deed."

It will be noted that these allegations are sufficient to bring the case squarely within the purview of the opinion and judgment of this Court in the case of Wasson Bond & Mortgage Co. v. Therrell, 113 Fla. 140, 151 Sou. 497. The allegations show a clear right to the complainants to maintain the suit.

After the bill was filed, motion was made to dismiss, which was overruled. The bill of complaint was' amended as of November, 1932, by adding certain defendants which amendment is of no consequence here.

On February 14, 1933, the bill was amended to substitute M. A. Smith as Liquidator of the Bank of Bay Biscayne in lieu of J. H. Therrell as Liquidator of Bank of Bay Biscayne, because J. H. Therrell had resigned as Liquidator and M. A. Smith had been appointed.

The right of M. A. Smith to be substituted in place of Therrell is settled by the opinion and judgment in the case of Wasson Bond & Mortgage Co. v. Therrell, *supra*.

On the 2nd day of November, 1933, the bill was again amended by joining M. A. Smith as Liquidator of the Bank of Bay Biscayne in his capacity of a Noteholder as Liquidator of Bank of Bay Biscayne and extending the purview of the bill so as to make it a class suit in behalf of all other noteholders; and it also made M. A. Smith as Liquidator of Guardian Trust Company and M. A. Smith as Liqui-

dator of Biscayne Trust Company parties defendant for that the record showed that both Guardian Trust Company and Biscayne Trust Company had theretofore acted as Trustees because of their appointments, respectively, as Liquidator of the Bank of Bay Biscayne and as such Liquidator had been Trustee under the mortgage deed, and it was necessary that the Liquidator of those defunct institutions should be made party defendant for the purpose of adjudicating any rights which either of those institutions may have had or acquired in connection with the trust estate.

On April 3, 1934, Bank of Miami and Trust Company filed its petition for the appointment of a Successor Trustee and for substitution thereof as party plaintiff. As stated above, the bill of complaint showed that Bank of Miami & Trust Company had been appointed Trustee by a majority of the Noteholders under the terms of the trust deed and Bank of Miami & Trust Co., Trustee, having submitted itself to the jurisdiction of the Court as Trustee in this suit to foreclose the trust deed, had conferred upon the Court jurisdiction of the Trustees and of the trust estate.

It is elementary, therefore, that the Court of Chancery, having acquired jurisdiction of the Trustee and of the trust estate, had the power to make all the proper orders and decrees in the discharge of that jurisdiction.

It necessarily follows that the order discharging the Bank of Miami & Trust Company as Trustee and to appoint a Trustee as its successor to prosecute the litigation for the benefit of the *cestui qui trustants* was within the power and authority of the Court.

No abuse of discretion is shown to have occurred. Neither is there shown to be any injury done to the defendants.

The motion to dismiss was properly denied and should be affirmed.

It is' so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS and DAVIS, J. J., concur.

TERRELL, J., not participating.

BROWN, J., disqualified.