Carr, J.
This is an action on a promissory note, secured by mortgage, payable in five years from the date of its execution, which was August 5, 1926, to the Beacon Trust Company of Boston, as payee. The note was signed as maker by the defendant, Max Siegel, whose signature appeared to have been witnessed by Julius I. Berns. As the evidence so clearly warrants the finding of the trial judge that the note was signed by the maker in the presence of Berns and duly attested by him, we give no further consideration to this question. We assume that the Beacon Trust Company, if in existence, could bring an action on this note more than six years but within twenty years after the cause of action accrued.
On or about July 31, 1930, the Beacon Trust Company and the Atlantic National Bank of Boston consolidated under the corporate name of the Atlantic National Bank of Boston. Thereafter, Frederick S. Dietrick was appointed receiver of the latter bank and the First National Bank of Boston acquired all its assets, including the defendant’s note and mortgage. This action was brought for the benefit of the First National Bank of Boston, present holder of the note, in the name of said Dietrick, Receiver of the Atlantic National Bank, which for the purposes of this decision we assume is the same as bringing it in the name of the Atlantic National Bank.
There is no room to doubt that, on the consolidation, the Atlantic National Bank acquired title to the note in question so that it could have brought an action thereon within six years after the right of action accrued. Nor is there any question that the First National Bank, if it *212 acquired the note in time, could have brought action within the six years (cf. Frye v. Barker, 4 Pick. 382, 384). But this action was brought on March 25, 1940, more than six years though less than twenty years after April 26, 1933, the date of the last payment on the note.
Actions upon promissory notes signed in the presence of an attesting witness, may be commenced within twenty years next after the cause of action accrues, if brought by the original payee or by his executor or administrator. Gen. Laws (ter. ed.) Ch. 260, Sec. 1 par. Third. The action may be maintained by a holder of the note if he can rightfully bring it in the name of the payee or his executor or administrator. Cotting v. Foster, 178. Mass. 564. Troeder v. Hyams, 153 Mass. 536, 540. Pierce v. Talbot, 213 Mass. 330, 331. Mosher, Exor. v. Allen, 16 Mass. 451, 452, 453. Hodges v. Holland, Adm., 19 Pick. 43.
The question to be decided is whether the Atlantic National Bank continued the identity of the Beacon Trust Company, the payee of the note, so that an action brought by or in the name of said Atlantic National Bank is in effect an action brought by the trust company in a state of continued existence, or (its existence continuing) in its name acquired by the consolidation, and therefore within the twenty year limit of the Statute.
The consolidation of the Beacon Trust Company and the Atlantic National Bank was effected, in accordance with Statutes of the United States to be found in 12 U.S.C.A. sec. 33 et seq., — the governing Section there being numbered 34a, which is sec. 3 added to Act of November 7, 1918, Chap. 209 by Act of February 25, 1927 Chap. 191, sec. 1, 44 Stat. at Large 1225. All the assets of the Beacon Trust Company became the property of the Atlantic National Bank of Boston including the defendant’s note which was en *213 dorsed in blank and delivered to the latter bank, with an assignment of the note and the mortgage securing it.
The pertinent parts of said sec. 3 are as follows:
“Any bank incorporated under the laws of any State” * * * “may be consolidated with a national banking association” * * * “under the charter of such national banking association on such terms and conditions as may be lawfully agreed upon by a majority of the directors of each association or bank” etc., etc. * * * “Upon such a consolidation” * * * “the corporate existence of each of the constituent banks and national banking associations participating in such consolidation shall be merged into and continue in the consolidated national banking association and the consolidated association shall be deemed to be the same corporation as each of the constituent institutions. All the rights, franchises, and interests of each of such constituent banks and national banking associations in and to every species of property, real, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such consolidated national banking association without any deed or other transfer; and such consolidated national banking association, by virtue of such consolidation and without any order or other action on the part of any Court or otherwise, shall hold and enjoy the same and all rights of property, franchises, and interests, including appointments, designations, and nominations and all other rights and interests as trustee, executor, administrator, etc.” * * * “No such consolidation shall be in contravention of the law of the State under which such bank is incorporated”.
In several jurisdictions, where there were no state laws to the contrary it has been held that on such consolidation the State bank continued in existence and did not lose its *214 identity. Adams v. Atlantic National Bank, 115 Fla. 399. Guardian Depositors Corp. v. Currie, 292 Mich. 549. Com’th Appellant v. First National Bank & Trust Co., 303 Pa. 241, cf. First Trust Co. v. U. S., 15 Fed. Supp. 634.
The effect upon a Massachusetts trust company of a merger with a National Bank under the Federal Acts referred to has been determined in the case of In re Worcester County National Bank, petitioner, 263 Mass. 444. The case involved the consolidation of the Fitchburg Bank and Trust Company (a Massachusetts corporation) with the Merchants National Bank of Worcester under the name of Worcester County National Bank of Worcester. It was held that the provisions of the last sentence of sec. 44 of Chapter 172 of Gen. Laws (Ter. Ed.) had a controlling influence. This sentence is as follows: “The charter of a trust company the business of which shall” * # * “be consolidated or merged with, or absorbed by, another bank or trust company” * * * “shall be void except for the purpose of discharging existing obligations and liabilities ’ ’.
The decision holds that section 3 of the Federal Act referred to, provides for a consolidation under the charter of the National Bank; that the provisions of that section that the franchise of the State bank shall be transferred to the National bank cannot mean its right to be a corporation; that the right to transfer the franchise powers of a corporation rests in the sovereignty that created it; that the charter of the trust company by Massachusetts law (said Section 44) became- void upon consolidation (subject to winding up its business); that the National bank existing before the consolidation continued to exercise all its funccharter since the consolidation as before, tians without alteration or modification under the same
*215 The decision sums up the situation on page 452 of the opinion where the Court said:
“The result is that the trust company chartered by this Commonwealth has gone out of existence; all its property of every name and nature has gone into the possession and has become the property of the National bank, and the National bank continues its existence and identity under its original charter. The trust company has lost its identity and its assets have become those of the national banking association. The latter is not a newly created organization but an enlargement of the continuously existing National bank”.
This decision was reviewed by the United States Supreme Court in Ex Parte Worcester County National Bank of Worcester, Appt., 279 U. S. 347. On pages 359-360 of the opinion Taft, C. J., said, “It is very clear to us that Congress in the enactment of sec. 3 in the Act of February 25, 1927 was anxious even to the point of repetition to show that it wished to avoid any provision in contravention of the law of the State in which the State trust company and the National bank to be consolidated were located. So strongly manifest is this purpose that we do not hesitate to construe the effect of sec. 3 in Massachusetts to be only to transfer the property and estate from the trust company to the National bank to be managed and preserved as the State law provides”. # * *.
There is no need of considering whether there are any other difficulties in the way of a recovery on the note involved in this action. It is clear that though its property passed on, the Beacon Trust Company is dead; that no action can be brought by it or in its name; that the twenty year Statute of Limitations does not apply; and that action of the note is barred. Finding for the plaintiff vacated. Judgment to be entered for the defendant.