**NEW HAMPSHIRE BANKERS ASSO-
CIATION et al., Plaintiffs-
Appellants,**

**v.**

**James W. NELSON, Bank Commissioner
For the State of New Hampshire, and
Warren B. Rudman, Attorney General
For the State of New Hampshire, De-
fendants-Appellees.**

**No. 72–1049.**

United States Court of Appeals,
First Circuit.

Heard May 2, 1972.

Decided May 24, 1972.

William S. Green, Manchester, N. H.,
with whom Jon S. Richardson and
Sheehan, Phinney, Bass & Green, Man-
chester, N. H., were on brief, for plain-
tiffs-appellants.

Donald W. Stever, Jr., Asst. Atty. Gen.,
with whom Warren B. Rudman, Atty.
Gen., was on brief, for defendants-appel-
lees.

Before ALDRICH, Chief Judge, Mc-
ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Appellants, national and state banks
and a bankers' association, challenge that
part of New Hampshire Revised Statutes
Annotated, Chapter 390:13 which
prohibits any bank from advertising or
circularizing the fact that it is authorized
to act as an executor. The national banks
and the association rely principally on
the ground that the New Hampshire
statute is repugnant to 12 U.S.C. § 92a,
which authorizes national banks to act
as executors under certain circumstances.
Additionally, all of the appellants assert
due process and equal protection claims.
We affirm on the basis of the thought-
ful opinion below, 336 F.Supp. 1330
(D.N.H.1972), but add a brief comment
as to the claimed repugnancy.

Appellants' reliance on Franklin Na-
tional Bank of Franklin Square v. New
York, 347 U.S. 373, 74 S.Ct. 550, 98 L.Ed.
767 (1954), is misplaced. The grant of
federal authority there at issue, the
power to receive savings deposits, 12
U.S.C. § 24, Seventh, made no reference
to state law, a circumstance which the
Court emphasized by contrasting it with
several other sections making explicit
reference to state law. 347 U.S. at 378
& n. 7, 74 S.Ct. 550. *See also* First Na-
tional Bank in Plant City, Fla. v. Dickin-
son, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.
2d 312 (1969); First National Bank of

Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed. 2d 343 (1966). Although § 92a(a) had not been passed when *Franklin National Bank* was decided, and could not therefore have been included in the Court's footnote, it resembles the sections referred to there in that it conditions the right to act as executor on state law. Implicit in the state's power to proscribe national banks from acting as executors, we think, is the power to permit them to act as executors while precluding them, in a nondiscriminatory way, from advertising that fact.

The judgment is affirmed.