460 F.2d 307
 NEW HAMPSHIRE BANKERS ASSOCIATION et al., Plaintiffs-Appellants,
v.
James W. NELSON, Bank Commissioner For the State of New
Hampshire, and Warren B. Rudman, Attorney General
For the State of New Hampshire,
Defendants-Appellees.
 No. 72-1049.
 United States Court of Appeals,
First Circuit.
 Heard May 2, 1972.
Decided May 24, 1972.
 
 William S. Green, Manchester, N. H., with whom Jon S. Richardson and Sheehan, Phinney, Bass & Green, Manchester, N. H., were on brief, for plaintiffs-appellants.
 Donald W. Stever, Jr., Asst. Atty. Gen., with whom Warren B. Rudman, Atty. Gen., was on brief, for defendants-appellees.
 Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, national and state banks and a bankers' association, challenge that part of New Hampshire Revised Statutes Annotated, Chapter 390:13 which prohibits any bank from advertising or circularizing the fact that it is authorized to act as an executor. The national banks and the association rely principally on the ground that the New Hampshire statute is repugnant to 12 U.S.C. Sec. 92a, which authorizes national banks to act as executors under certain circumstances. Additionally, all of the appellants assert due process and equal protection claims. We affirm on the basis of the thoughtful opinion below, 336 F.Supp. 1330 (D.N.H.1972), but add a brief comment as to the claimed repugnancy.
 
 
 2
 Appellants' reliance on Franklin National Bank of Franklin Square v. New York, 347 U.S. 373, 74 S.Ct. 550, 98 L.Ed. 767 (1954), is misplaced. The grant of federal authority there at issue, the power to receive savings deposits, 12 U.S.C. Sec. 24, Seventh, made no reference to state law, a circumstance which the Court emphasized by contrasting it with several other sections making explicit reference to state law. 347 U.S. at 378 & n. 7, 74 S.Ct. 550. See also First National Bank in Plant City, Fla. v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed. 2d 312 (1969); First National Bank of Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed. 2d 343 (1966). Although Sec. 92a(a) had not been passed when Franklin National Bank was decided, and could not therefore have been included in the Court's footnote, it resembles the sections referred to there in that it conditions the right to act as executor on state law. Implicit in the state's power to proscribe national banks from acting as executors, we think, is the power to permit them to act as executors while precluding them, in a nondiscriminatory way, from advertising that fact.
 
 
 3
 The judgment is affirmed.