QUESTION: Are national banks, federal savings and loan associations, and declarations of trust required to file annual reports and pay annual reporting filing fees pursuant to ss. 608.3205 and 608.332, F.S.?
SUMMARY: National banks and federal savings and loan associations are not subject, due to federal immunity, to the report filing and fee requirements of ss. 608.3205 and 608.332, F.S. Declarations of Trust are organized pursuant to Ch. 609, F.S., and are subject to the report filing and fee requirements of ss. 608.3205 and 608.332, F.S. The above entities, pursuant to your letter, are presumed to be doing business within the State of Florida. Section 608.3205(1), F.S., requires all corporations incorporated within the state, all foreign corporations doing business within the state, and all corporations required to pay a corporate income tax to: Pay an annual report filing fee; and file an annual report with the Department of State. The penalty for not adhering to these provisions is provided in ss. 608.351 and 608.36, F.S., which may result in corporate dissolution. Your inquiries relate to the concept of state impositions upon federally chartered entities operating within the state. As to state chartered institutions, my predecessors in office have concluded that these impositions are permissible and binding. Attorney General Opinion 053-219, August 31, 1953, Biennial Report of the Attorney General, 1953-1954, p. 573, and AGO's 056-335, 058-186, and 058-262. National banks and federal savings and loan associations are federal instrumentalities which are chartered and empowered by the federal government. Anderson Nat. Bank v. Luckett, 321 U.S. 233
(1944). These institutions are subject to Florida law unless the statutory provisions interfere with the purposes of their creation, destroy their efficiency, or are in conflict with the paramount federal law. Lewis v. Fidelity Deposit Co.,292 U.S. 559 (1934); First National Bank v. Missouri, 263 U.S. 640 (1923); Adams v. Atlantic National Bank, 155 So. 648 (Fla. 1934). Although it appears that no Florida court has passed on this issue, other state courts and federal courts have concluded that federal instrumentalities are not subject to similar qualifying corporate laws. Home Owners' Loan Corp. v. Stookey, 81 P.2d 1096 (Idaho 1938). These qualifying laws have generally been viewed as conflicting with the federal law due to the state's lack of authority over the federal instrumentality. It seems obvious that there is a wide distinction between a national bank doing business in this state and a foreign corporation licensed under our laws to do business in this state. The existence of a national bank within our borders is in no sense dependent upon our state law. [Burst v. First National Bank, 198 N.W. 749, 751 (Wis. 1924).] In any event, the Legislature has no power to so limit corporations organized under federal laws and exercising powers granted by the federal government. [First National Bank v. Stagle, 5 P.2d 1013, 1014
(Wash. 1931).] See also Federal Land Bank v. Statelin,70 P.2d 1053 (Wash. 1937); Bank of America v. Lima, 103 F. Supp. 916
(D.Mass. 1952); Southwest Prod. Credit Assoc. v. Fender, 150 P.2d 983
(Wash. 1944); New Hampshire Bankers Assoc. v. Nelson, 460 F.2d 307
(1st Cir. 1972), cert. denied 409 U.S. 1001; Alabama v. Seebee, !mLN!x F.2d !mLN!x (5th Cir. 1974). Declarations of Trust are established by and organized pursuant to Ch. 609, F.S. These Trusts are subject to the Florida corporate income tax pursuant to s. 220.03(1)(b), F.S. Sections 608.3205 and 608.332, F.S., require all entities required to pay a tax on their net income to file an annual report and to pay the filing fee. These sections include a Declaration of Trust since a tax must be paid on its income.